The TEXAS COMPANY, Appellant,

v.

Mrs. Marowigne Edna McConnell SAVOIE, Administratrix of the estate of Horace P. Guidry, Appellee.

No. 16188.

United States Court of Appeals
Fifth Circuit.
April 9, 1957.

668

Ernest A. Carrere, Jr., May & Carrere, New Orleans, La., for appellant, the Texas Co.

Jack W. Thomson, Jr., James Julian Coleman, Clay, Coleman, Dutrey & Thomson, New Orleans, La., for appellee, Mrs. Marowigne Edna McConnell Savoie, administratrix.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

█ The motion of appellee for leave to file twenty photostatic copies of the decision of the Supreme Court in Senko v. LaCrosse Dredging Corporation, 77 S.Ct. 415, should be overruled, because all the judges of this court already have printed copies of said opinion, and to file twenty photostatic copies of the same would unnecessarily encumber the records in the clerk's office.

After a careful consideration of the petition for rehearing, including said Senko opinion, we think that the petition should be denied, because the applicable legal principle announced in Senko v. LaCrosse Corporation was the law which we announced and applied in the instant case. The factual distinction between the two cases is that in the one before us there was no evidence reasonably tending to show that the decedent was a member of the crew; whereas in the one cited there was sufficient evidence to support the finding, the Supreme Court holding that there was sufficient evidence in the record for the jury to decide that the petitioner was permanently attached to and employed by the dredge as a member of its crew. No question was raised as to whether the dredge involved had the status of a vessel at the time of the injury.

█ The essence of the decision in the Senko case was that the determination of whether an injured person was a member of the crew was to be left to the finder of fact, which means that juries have the same discretion in determining whether an injured person was a member of a crew as they have in finding negligence or any other fact. The essence of this discretion is that a jury's decision is final if it has a reasonable basis to support it, whether or not the appellate court agrees with the jury's estimate.

█ In the federal court a jury's finding of fact must have substantial evidence to support it; a scintilla of evidence is not sufficient. There was substantial evidence to support the finding in Senko v. LaCrosse Dredging Corporation, because there was testimony introduced by petitioner tending to show that he was employed almost solely on the dredge, that his duty was primarily to maintain the dredge during its anchorage and for its future trips, and that he would have a significant navigational function when the dredge was put in transit. For this reason, the decision below was reversed, and the case was re-

manded for judgment on two issues which the appellate court did not reach in its disposition of the case.

The petition for rehearing is denied.