Samuel H. KESSNER and Tessie D. Kessner, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE.

Joseph RABINOWITZ and Mary Rabinowitz, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE.

Nos. 12155, 12156.

United States Court of Appeals
Third Circuit.

Submitted Oct. 8, 1957.

Decided Oct. 29, 1957.

944

Robert R. Daly, Newark, N. J., for petitioners.

John N. Stull, Lee A. Jackson, Harry Baum, Grant W. Wiprud, Washington, D. C., for respondent.

Before BIGGS, Chief Judge, and MARIS and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The findings of fact and the opinion of the Tax Court of the United States are reported at 26 T.C. 1046 (1956), wherein the facts of the case at bar and the principles of law applicable thereto are set forth fully. It is not necessary to detail them again here. Briefly stated the issue presented by the petitioners for our determination is whether the Tax Court erred in holding that certain redemptions of preferred stock of a corporation to three stockholders who had been partners in the business enterprise prior to its incorporation, were the equivalent of a taxable dividend. Int.Rev. Code of 1939, § 115(g), as amended by 64 Stat. 931 (1950), 26 U.S.C.A. § 115 (g).

■ The redemption distributions were *pro rata*. They were exceeded by available corporate earnings and profits. They did not effect or coincide with any contraction of the business of the corporation or of its capital structure. The taxpayers contend that the Tax Court's finding of dividend equivalence is erroneous because, say they, there was a bona fide business purpose for both the issuance of the preferred stock and for its redemption and that the existence of such a purpose invalidates the Tax Court's ultimate finding.

■ The argument is unsound. It is the effect of the redemption, rather than the purpose which actuated it, which controls the determination of dividend equivalence. See our decisions in Smith v. United States, 3 Cir., 1941, 121 F.2d 692, and in Boyle v. Commissioner, 3 Cir., 1951, 187 F.2d 557, certiorari denied 342 U.S. 817, 72 S.Ct. 31, 96 L.Ed. 618. Even those courts which hold the presence or absence of a clearly defined business purpose as material, treat this as only one of the many pertinent elements to be considered in determining the existence of dividend equivalence. See Northup v. United States, 2 Cir., 1957, 240 F.2d 304. Moreover, the record before us does not disclose any relevant business purpose effected or sought to be effected by the redemption.

The decision of the Tax Court will be affirmed.