**UNITED STATES of America**

v.

**John H. FEWELL.**

**No. 16930.**

United States Court of Appeals
Fifth Circuit.

May 23, 1958.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, George F. Lynch, Attys., Washington, D. C., Edith House, Asst. U. S. Atty., Jacksonville, Fla. (James L. Guilmartin, U. S. Atty., Miami, Fla., Harry Baum, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

William R. Frazier, Jacksonville, Fla., (Hill & Frazier, James P. Hill, Jacksonville, on the brief), for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellee, John H. Fewell, herein called the taxpayer, at the beginning of 1947, owned 35 shares and L. H. Simpson owned 36 shares of the capital stock of Petroleum Engineering Company, Inc. No other stock of the company was then outstanding. The taxpayer, in 1947, bought 35 of Simpson's 36 shares for $12,375. Taxpayer gave Simpson $4,000 in cash and agreed to pay the balance in 36 monthly installments with interest at five per cent. To raise the $4,000 down payment, the taxpayer sold 17 shares of stock in the company to O. W. Collins for $6,125, of which $5,000 was then paid and the balance was paid some time later. These shares were subsequently purchased by the company and carried as treasury stock. To obtain the funds to pay the installments to Simpson, the taxpayer borrowed from the company the amounts necessary, from time to time, to meet the installments, and these amounts were charged to the taxpayer on the company's books. At the close of 1949 the amount of this indebtedness of the taxpayer to his company was $7,778.54. At the end of the year the taxpayer transferred to the company 22 shares of its stock and his account with the corporation was given a credit of $7,778.54. The 22 shares were set up on the company books as treasury stock. The company's books showed the stock transfer was made in payment of the loan. The company then had outstanding 32 shares of stock, of which 30 were owned by the taxpayer, one was in the name of his wife and one was held by Simpson.

The Commissioner of Internal Revenue regarded the stock transfer and debt cancellation as the equivalent of a dividend on taxpayer's stock and therefore taxable as ordinary income. A deficiency was determined and assessed. The amount was paid with interest, a claim for refund was filed and, in due season, suit was brought in the district court for recovery of the amount paid. During the trial it developed that the company had never declared a dividend, the capital and surplus was $22,252.06, of which $15,152.06 was earned surplus, the company paid the taxpayer a salary of $6,000, and after such payment sustained a loss of $347 for 1949. There was testimony of the taxpayer or of the company's auditor, or both, that the company was undercapitalized, that 1949 was one of the company's worst years, and that two or three of the company's

suppliers, not identified, had discontinued making sales to the company on terms although it had a line of bank credit prior to and during 1949. The taxpayer testified that the stock transaction was made on the advice of the auditor for the purpose of improving the company statement, and that he couldn't have paid his debt to the company in any other way. The auditor testified that the stock transfer and debt cancellation was made so as to permit showing an improved balance sheet to the company creditors and to show the condition more truly according to the facts. The company's business was not quite as good in 1950 as in 1949, but thereafter it greatly increased.

The court denied the Government's motion for a directed verdict and submitted the case to the jury. In the court's instructions the issues were outlined, the applicable statute, Section 115 (g) (1) of the Internal Revenue Code of 1939 [1] was quoted, and then the court proceeded to a discussion of the law. The issue in the case, as the district court saw it, was whether, on the one hand, the transaction was for a corporate purpose or, on the other hand, was essentially equivalent to the distribution of a taxable dividend. On this issue the jury was charged that if it believed that the transaction was for the purpose of benefiting the corporation by improving its credit rating and was not essentially equivalent to the distribution of corporate dividends the verdict should be for the taxpayer. The jury was told that consideration could be given to the fact that "no pro rata or proportional distribution or declaration of dividends for the benefit of stockholders was declared, and, as the court has already pointed out, whether the transaction whereby twenty-two shares of corporate

stock were transferred by plaintiff to the corporation was for the purpose of improving the credit position of the corporation." It was told it could consider non-payment of dividends and the fact that the taxpayer was the substantial owner of the corporation. The court charged that "of course, you may consider whether the transaction was handled by the plaintiff pursuant to a scheme or design on his part to avoid the payment of the tax or whether, as the court has already pointed out, it was for a bona fide corporate purpose." If, said the court in its charge, there is not a pro rata distribution to stockholders the probability is lessened that the transaction was for the purpose of distributing a dividend and "increases the probability that the transaction was for a corporate purpose." The court charged that the purpose of the statute was to proscribe receipt by stockholders of dividends in such a manner as to escape taxation thereon and so, said the court "that is why the statute contains the expression 'essentially equivalent to the distribution of a taxable dividend'. But," said the court, "if the transaction is not essentially equivalent to the distribution of a dividend but is [for] some bona fide corporate purpose, such as the improvement of credit standing of the corporation, then it is not within the statute and the transaction is not subject to tax as dividends received." And finally, the court's theory was thus stated in the instructions, "Now, in this case the real question is whether the transaction was for a corporate purpose or was essentially equivalent to the distribution of taxable corporate dividends." The Government objected to the instructions. The court submitted to the jury a special issue, "Was the transaction involved in this case substantially equivalent to the distribution of corporate dividends?" A

1. "If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend,

the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend." 26 U.S.C.A. (I.R.C.1939) § 115(g) (1).

negative answer was returned by the jury verdict and judgment was entered for the taxpayer. The Government has appealed.

Two questions are presented, whether the Government's motion for a directed verdict should have been granted and, if not, whether the court's instructions were proper. The subject with which we deal has been characterized by Judge Foley of the District Court for the Northern District of New York as a "nightmarish problem". Wilson v. United States, D.C.N.D.N.Y.1957, 154 F.Supp. 341. The question whether or not a particular corporate transaction is essentially equivalent to the distribution of a taxable dividend is primarily a question of fact. See Ferro v. Commissioner, 3 Cir., 1957, 242 F.2d 838, and cases there cited, including Commissioner of Internal Revenue v. Sullivan, 5 Cir., 1954, 210 F.2d 607. Holding contra, and apparently alone in so doing, is Northrup v. United States, 2 Cir., 1957, 240 F.2d 304. It is the settled law that although the facts may be undisputed, if reasonable men might draw different conclusions from them the case is for the jury. Travelers Insurance Co. v. Price, 5 Cir., 1940, 111 F.2d 776, certiorari denied 311 U.S. 676, 61 S.Ct. 43, 85 L.Ed. 435; Mutual Life Insurance Co. v. Loeb, 5 Cir., 1939, 107 F.2d 7; Phillips Petroleum Co. v. Taylor, 5 Cir., 1940, 115 F.2d 726, rehearing denied 116 F.2d 994, certiorari denied 313 U.S. 565, 61 S.Ct. 941, 85 L.Ed. 1524; Harllee v. City of Gulfport, 5 Cir., 1941, 120 F.2d 41. Such a case is the one before us. It was not error to refuse to direct a verdict for the United States.

The gist of the court's charge is that if the transaction was for the purpose of improving the credit position of the corporation it was for a bona fide corporate purpose and was not essentially equivalent to the distribution of a taxable dividend within the meaning of the Internal Revenue Code. Thus the single test of corporate purpose was submitted to the jury. The Government contends that the charge is erroneous. Judge Vinson, later to become Chief Justice of the United States, while on the Court of Appeals for the District of Columbia, announced the doctrine that "the net effect of the distribution rather than the motives and plans of the taxpayer or his corporation, is the fundamental question in administering § 115(g)." Flanagan v. Helvering, D.C.Cir., 1940, 74 App.D.C. 46, 116 F.2d 937, 939.[2] In this Circuit it has been said that,

> "The so-called net-effect test is not a weighted formula by which to solve the issue before the court. The net effect of the transaction is not evidence or testimony to be considered; it is an inference to be drawn or a conclusion to be reached. * * * 'Net effect' is a paraphrase for 'essentially equivalent.'" Commissioner of Internal Revenue v. Sullivan, 5 Cir., 1954, 210 F.2d 607, 609.

Strong reliance is placed by the taxpayer upon Keefe v. Cote, 1 Cir., 1954, 213 F.2d 651. There it appeared that the acquisition by a corporation of shares of its stock was not in connection with any contraction of its business, that the high percentage of the taxpayer's stockholding made a payment to him one which was in effect substantially pro rata to stockholders, and that the corporate ownership was not in any substantial way affected by the transaction. The factual resemblance between Keefe v. Cote and the case before us is apparent. There the court observed that if the net-effect test was applied with strict logic it was doubtful whether the taxpayer could prevail. But, said the court, the net-effect test has been broadened to include inquiry into the possible existence of a legitimate corporate pur-

**2.** The net-effect doctrine is stated and applied in Smith v. United States, 3 Cir., 1941, 121 F.2d 692; Boyle v. Commissioner, 3 Cir., 1951, 187 F.2d 557, certiorari denied 342 U.S. 817, 72 S.Ct. 31, 96 L.Ed. 618; In re Lukens' Estate, 3 Cir., 1957, 246 F.2d 403; Kessner v. Commissioner, 3 Cir., 1957, 248 F.2d 943; Woodworth v. Commissioner, 6 Cir., 1955, 218 F.2d 719; Bell v. Commissioner, 6 Cir., 1957, 248 F.2d 947; Commissioner of Internal Revenue v. Snite, 7 Cir., 1949, 177 F.2d 819; Pacific Vegetable Oil Corp. v. Commissioner, 9 Cir., 1957, 251 F.2d 682.

pose. We think the taxpayer is justified in presenting this decision as a precedent for the proposition that if there is a legitimate corporate purpose for the acquisition of stock by the issuing corporation it is not essentially equivalent to the distribution of a taxable dividend. And see Tucker v. Commissioner, 8 Cir., 1955, 226 F.2d 177; Jones v. Griffin, 10 Cir., 1954, 216 F.2d 885. The taxpayer asserts that Keefe v. Cote is controlling of our decision, or would be if it had been decided by the Fifth Circuit. But, as the taxpayer recognizes, the case is from another Circuit.

■ It is to be observed that in Keefe v. Cote, supra, the court rejects contraction of business and pro rata distribution as factors to be used in determining whether a distribution is a dividend under § 115(g). In Commissioner of Internal Revenue v. Sullivan, supra, the decision was based upon a contraction of the activities of the corporation and pro rata distribution was mentioned as a strong factor. Keefe v. Cote and the other cases which seem to adhere to its doctrine represent the minority rule and one which, in our opinion, is not as well reasoned as that which the majority of the courts have adopted. It has been said that there is nothing in the statute[3] or in the applicable Treasury Regulations[4] that makes the consideration of the corporate purpose relevant. Northrup v. United States, supra; Wil-

son v. United States, supra. Cf. Towers v. Commissioner, 2 Cir., 1957, 247 F.2d 233, certiorari denied 355 U.S. 914, 78 S. Ct. 343, 2 L.Ed.2d 274. Although we are not in accord with the Northrup rule that a corporate purpose has no relevance, we are convinced that the mere existence of a single bona fide corporate purpose will not, standing alone, conclusively determine that the transaction does not result in an essential equivalent of the distribution of a taxable dividend. Commissioner of Internal Revenue v. Snite, supra; Kessner v. Commissioner, supra. Hence the district court's instructions were erroneous and the judgment must be reversed for a new trial.

■ Although no specific tests have been or can be stated, the decisions recognize certain criteria. Included are the following: The presence or absence of a bona fide corporate business purpose,[5] whether the initiative for the distribution came from the corporation or from the participating stockholders,[6] whether earnings and profits were available for dividends and the prior dividend history of the company,[7] whether the transaction resulted in any substantial change in the ownership or control of the corporation,[8] whether the transaction was the result of or resulted in a contraction of the corporation's business or narrowed its activities,[9] whether the distri-

3. 26 U.S.C.A. (I.R.C.1939) § 115(g).

4. Reg. 111, Sec. 29.115–9.

5. Smith v. United States, supra; Ferro v. Commissioner, supra; Commissioner of Internal Revenue v. Sullivan, supra; Tucker v. Commissioner, supra.

6. Boyle v. Commissioner, supra; Ferro v. Commissioner, supra; Pacific Vegetable Oil Corp. v. Commissioner, supra; Jones v. Griffin, supra.

7. Flanagan v. Helvering, supra; Smith v. United States, supra; Boyle v. Commissioner, supra; Ferro v. Commissioner, supra; Kessner v. Commissioner, supra; Commissioner of Internal Revenue v. Sullivan, supra; Earle v. Woodlaw, 9 Cir., 1957, 245 F.2d 119, certiorari denied 354 U.S. 942, 77 S.Ct. 1400, 1 L.Ed.2d

1537; Commissioner of Internal Revenue v. Snite, supra; Pacific Vegetable Oil Corp. v. Commissioner, supra; Jones v. Griffin, supra.

8. Flanagan v. Helvering, supra; Hawkinson v. Commissioner, 2 Cir., 1956, 235 F. 2d 747; Ferro v. Commissioner, supra; In re Lukens' Estate, supra; Bell v. Commissioner, supra; Wall v. United States, 4 Cir., 1947, 164 F.2d 462; Woodworth v. Commissioner, supra; Lowenthal v. Commissioner, 7 Cir., 1948, 169 F.2d 694; Earle v. Woodlaw, supra; Commissioner of Internal Revenue v. Snite, supra; Pacific Vegetable Oil Corp. v. Commissioner, supra.

9. Flanagan v. Helvering, supra; Boyle v. Commissioner, supra; Ferro v. Commissioner, supra; Kessner v. Commissioner, supra; Commissioner of Internal Rev-

bution was substantially pro rata among the stockholders,[10] and whether the stock acquired by the corporation was cancelled and retired or held as treasury stock.[11] And see Mertens, Law of Federal Income Taxation, § 9.100 and Rev.Rul. 57–353, I.R.B. 1957–31, p. 10. Other factors may be pertinent. Not all factors will be present in every case. Perhaps it would be an unusual case where all factors were present. In some situations some of the factors will weigh more heavily than in others.

In order that there may be a new trial, the judgment of the district court is

Reversed and remanded.

enue v. Sullivan, supra; Pacific Vegetable Oil Corp. v. Commissioner, supra; Jones v. Griffin, supra.

10. Kessner v. Commissioner, supra; Commissioner of Internal Revenue v. Sulli-

van, supra; Earle v. Woodlaw, supra; Commissioner of Internal Revenue v. Snite, supra.

11. Boyle v. Commissioner, supra; Wall v. United States, supra.