**Moe J. COHEN, Leah R. Cohen, Abraham Wirklich and Sylvia Wirklich, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 19867.**

United States District Court E. D. New York.

Jan. 26, 1961.

Wapner, Rankow, Cohen & Jaffin, New York City, for plaintiff; L. Donald Jaffin, New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant; Lee Phillips, Tax Division, Dept. of Justice, Washington, D. C., of counsel.

MISHLER, District Judge.

This is an action for a tax refund, pursuant to 28 U.S.C.A. § 1346. No oral testimony was taken; the case was submitted on a stipulation of facts and the further stipulation that the deposition of the plaintiff Moe J. Cohen " * * * may be considered by the Court as the testimony which Moe J. Cohen would give in open court if he were to testify at the trial of this action."

Prior to July 16, 1945, plaintiff Moe J. Cohen and plaintiff Abraham Wirklich were co-partners in the business of manufacturing children's, misses and girls' handbags and novelties. On July 16, 1945, the Pyramid Leather Goods Co., Inc. was incorporated and all the assets of the partnership were transferred to the corporation by the partners; in consideration therefor, the corporation issued 500 shares of common stock and 250 shares of preferred stock to each of the said plaintiffs. This constituted all the issued stock of the corporation out of an authorized capital stock issue of 1,000 shares of preferred stock and 2,000 shares of common stock. Preferred stock had a par value of $100 and a preference of a six percent dividend, which was to be cumulative; it also contained a provision that the corporation had a right to redeem the said stock " * * * on (10) ten days notice

to the holders thereof, by paying the par value thereof together with the accrued dividends to the date of redemption."

On June 10, 1952, at a special meeting of the board of directors, it was resolved that the corporation redeem 100 shares of the preferred stock, " * * * calling 50 shares of Mr. Cohen's stock and 50 shares of my [Mr. Wirklich's] stock, and that the stock be delivered and paid for * * * together with the accumulated unpaid dividend thereon up to that date."

The reason for the redemption is stated in Mr. Cohen's deposition [page 7, lines 17 to page 8, line 3] as a method recommended by his accountant of withdrawing some money from the corporation.

The redemption of the stock did not result in any change in ownership or control; there was no contraction of the business of the corporation; earnings and profits were available for the declaration of a dividend, and the redemption of the stock by the corporation had the same effect on the corporate finances as if a regular dividend were declared.

In determining whether a distribution made in connection with a redemption of stock is essentially equivalent to a taxable dividend within the meaning of § 115(g) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 115(g),[1] it is necessary to determine whether the distribution has the "net effect" of the distribution of a stock dividend.

Treasury Regulation § 29.115–9, Regulation 111, states in part as follows:

"A cancellation or redemption by a corporation of a portion of its stock pro rata among all the shareholders will generally be considered as effecting a distribution essentially equivalent to a dividend distribution to the extent of the earnings and profits accumulated after February 28, 1913."[2]

In Northup v. United States, 2 Cir., 1957, 240 F.2d 304, at page 306, the Court said the following:

"We must ask whether, viewing the transaction as a whole, different results were produced by what was in form a partial liquidation from the results that would have been produced, under the circumstances, by a dividend. If such a difference is found, Section 115(g) is not applicable."

The Court finds that the amounts received by the plaintiffs in redemption for part of their preferred stock holding in Pyramid Leather Goods Co., Inc., was essentially equivalent to a dividend and constituted taxable income to the plaintiffs. Ferro v. Commissioner of Internal Revenue, 3 Cir., 1957, 242 F.2d 838; United States v. Fewell, 5 Cir., 1958, 255 F.2d 496; Kessner v. Commissioner of Internal Revenue, 3 Cir., 1957, 248 F.2d 943, 944; Ortmayer v. Commis-

1. "§ 115(g) Redemption of stock. If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend."

2. H.R.Rep. No. 1, 69th Congress, 1st Session, 5 (1926) had in view the type of distribution made herein. The report states, in part, the following:

" * * * Assume that two men hold practically all the stock in a corporation, for which each had paid $50,000 in cash, and the corporation had accumulated a surplus of $50,000 above its cash capital. It is claimed that under existing law the corporation could buy from the stockholders, for cash, one-half of the stock held by them and cancel it without making the stockholders subject to any tax. Yet this action, in all essentials, would be the equivalent of a distribution through cash dividends of the earned surplus. The amendment proposed to this subdivision is intended to make it clear that such a transaction is taxable."

sioner of Internal Revenue, 7 Cir., 1959, 265 F.2d 848, 852.

This opinion constitutes findings of fact and conclusions of law.

Submit judgment dismissing complaint on two days notice.