## SKINNER v. BRASWELL.

BECK, J. 1. Where a husband, as agent, bargained for the sale of the property of his wife and she executed a deed thereto, a purchaser for value took a good title, although the money so obtained was used to pay the debts of the husband, provided the purchaser was not a creditor to be thus paid, and was not a party to any scheme or arrangement whereby the money paid for said property was to be used in any particular way. And the fact that the wife in signing the deed acted under the duress of the husband will not vitiate the contract, where it does not appear that the purchaser had any notice, or reason to apprehend, that the husband had coerced the wife into signing said deed. *Hughie* v. *Hammett*, 105 *Ga.* 368; *Rood* v. *Wright*, 124 *Ga.* 849.

2. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Mfg. Co.* v. *Dollar Savings Bank*, 110 *Ga.* 559.

*Judgment affirmed. All the Justices concur.*

Argued June 7,—Decided November 14, 1906.

Equitable petition. Before Judge Rawlings. Emanuel superior court. October 17, 1905.

The suit was for the recovery of land conveyed by the plaintiff to the defendant, and for the cancellation of the conveyance; the plaintiff alleging, that the conveyance was made at the demand of her husband and against her will, for the purpose of obtaining money to pay his debts; that the purchase-money thus obtained was used for that purpose (except one dollar, which was tendered back to the defendant) ; and that the defendant knew these facts. There was evidence that an agreement for the sale of the land in question (which was then the property of the plaintiff) was made between her husband and the defendant; that she was unwilling to sell, but her husband's persuasion caused her to carry out the agreement and sign the conveyance to the defendant; that the purpose of the sale was to obtain money to pay the husband's debts, and the money was used as alleged; and that at the time of the transaction the defendant knew of this purpose. There was no evidence that the defendant knew of the plaintiff's unwillingness to sell; on the contrary, there was evidence that the defendant was ignorant of that fact. The defendant was not a creditor of the husband. The court directed a verdict for the defendant. The plaintiff excepted.

*Herrington & Mitchell,* for plaintiff, cited: *Ga. R.* 85/200; 90/190; 100/503; 103/745; 83/441(2); Civil Code, § 5331.

*Saffold & Larsen,* for defendant, cited: *Ga. R.* 85/200; 92/327; 103/745; 111/889; 122/670; 58/276; 105/370(3); 77/606.