## NORRIS v. COFFEE; *et vice versa.*

DUCKWORTH, Chief Justice. 1. Where a purchaser loses part of the land purchased, from a defect in the title, or where there is a deficiency in land sold by the tract, he may sue for rescission of the contract of sale or for a reduction in the purchase-price. Code, § 29-202; *Riehle* v. *Bank of Bullochville,* 158 *Ga.* 171 (123 S. E. 124); *Roberts* v. *Wilson,* 153 *Ga.* 538 (112 S. E. 451); *Holliday* v. *Ashford,* 163 *Ga.* 505 (136 S. E. 524). See also *Dorsett* v. *Roberds,* 172 *Ga.* 545, 552 (7) (158 S. E. 236); *O'Farrell* v. *Willoughby,* 171 *Ga.* 149 (154 S. E. 911); *Miller* v. *Minhinnette,* 185 *Ga.* 490, 494 (3) (194 S. E. 425); *Martin* v. *Peacock,* 171 *Ga.* 219 (155 S. E. 182).

2. On application of the rule stated in the preceding headnote, the court did not err in overruling the general demurrer to the petition, which alleges that the land in question was sold by the tract with given dimensions as to width and depth, that another person held title to a portion of the land actually lying within the described boundaries, and that the petitioner was unable to gain possession of that portion of the tract; the prayer being for a reduction of the purchase-price according to the relative value of the land so lost.

3. Nor was the petition subject to the special demurrer on the ground that no abstract of title was attached. This was an action for damages with an affirmative answer seeking equitable relief, and not a suit to recover land and mesne profits (Code, § 33-117), nor an action to enjoin the cutting of timber (§ 55-204), in which abstracts of title are required.

4. It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. Code, § 110-104; *Shaw* v. *Probasco,* 139 *Ga.* 481 (77 S. E. 577); *Hughes* v. *Cobb,* 195 *Ga.* 213, 230 (23 S. E. 2d, 701); *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693, 703 (38 S. E. 2d, 534). And a verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed. *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209); *Ayer* v. *First National Bank & Trust Co.,* 182 *Ga.* 765 (187 S. E. 27); *Renitz* v. *Williamson,* 149 *Ga.* 241 (4) (99 S. E. 869); *Atwood* v. *Edenfield,* 150 *Ga.* 198 (103 S. E. 170); *Word* v. *Bowen,* 181 *Ga.* 736 (3) (184 S. E. 303); *Everett* v. *Miller,* 183 *Ga.* 343 (188 S. E. 342); *Patterson* v. *Fountain,* 183 *Ga.* 676 (189 S. E. 4); *Hughes* v. *Cobb,* supra.

5. There was evidence of an alleged breach of warranty and of an alleged mistake of facts, relievable in equity, which was conflicting in nature, and these issues should have been submitted to the jury. The evidence on material allegations of the petition and cross-action was in conflict, rendering erroneous the direction of a verdict for the defendant. Therefore, the court erred in overruling the motion for new trial as amended.

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill of exceptions. All the Justices concur.*

Nos. 17037, 17050. APRIL 10, 1950.

*Will Ed Smith,* for plaintiff.
*D. Dudley Smith* and *W. S. Mann,* for defendant.