**ATLANTIC INSURANCE COMPANY,**
Appellant,

v.

**Maria B. GONZALEZ et al., Appellees.**

No. 13923.

Court of Civil Appeals of Texas.

San Antonio.

June 20, 1962.

Kelly, Hunt, Cullen & Mallette, Victoria, for appellant.

Clarence Stevenson, Victoria, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Victoria County by Maria B. Gonzalez, individually and as community survivor of the community estate of Pedro Gonzalez and Maria B. Gonzalez, and Otila Y. Gonzalez, a feme sole, against Atlantic Insurance Company, seeking to recover medical payments and other benefits under the provisions of a policy of insurance issued by Atlantic Insurance Company upon a 1959 Chevrolet automobile in the name of Pedro Gonzalez. The named insured, his wife and daughter, Otila Y. Gonzalez, made a trip to Monterrey, Mexico, from their home in Victoria, Texas, in a 1960 Corvair owned by their daughter, Otila Y. Gonzalez, who was a member of their household. The plaintiffs were involved in a serious automobile accident in Mexico, resulting in fatal injury to Pedro Gonzalez, the named insured, and extensive injuries to Maria B. Gonzalez and Otila Y. Gonzalez, the owner of the Corvair.

The trial was before the court without a jury, and resulted in judgment in favor of plaintiffs against the defendant for the benefits under the Medical Payments provision of the insurance policy, together with twelve per cent penalty and attorney's fees, from which judgment Atlantic Insurance Company has prosecuted this appeal.

The question here to be decided is whether the Corvair in which the appellees were riding at the time of the collision was a "temporary substitute automobile" within the meaning of the insurance policy, for the 1959 Chevrolet upon which the policy was issued, called "the owned automobile."

It is clear that the appellant would be liable for the medical payments sued for herein, if at the time of the collision the 1960 Corvair was a "temporary substitute automobile" for the 1959 Chevrolet within the meaning of the language of the insurance policy.

A "temporary substitute automobile" is defined in the policy as "any automobile * * * not owned by the named insured, while temporarily used as a substitute for the owned automobile * * * when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction." Thus, if the 1960 Corvair was being used by Pedro Gonzalez as a temporary substitute for the 1959 Chevrolet, and such Chevrolet had been withdrawn from normal use by a breakdown, for repairs or servicing, then the Corvair was covered by the terms of the insurance policy.

There can be no doubt that Pedro Gonzalez was using the 1960 Corvair for the trip to Monterrey, and in this sense he was substituting the Corvair for the Chevrolet, but, was the Chevrolet withdrawn from its normal use by reason of a breakdown or for repairs or servicing.

The evidence shows that the 1959 Chevrolet was not in good running order, and for that reason Pedro Gonzalez decided not to take it on the long trip to Monterrey, which involved driving through mountains upon a road containing sharp curves. The carburetor was not working well, and when a stop was made for any reason the engine would die. The brakes were in bad condition, and it was generally not in good running order. However, it was not sent to a garage for repairs, but was left at home, where Pedro's son Rudolfo could use it to go to school and to take his sister Alice to work. Pedro had used his 1959 Chev-

rolet for a trip or two to Monterrey, but for some time its condition had caused him to use it only for driving around town.

This evidence, which is undisputed, shows that the owned automobile (1959 Chevrolet) was not withdrawn from its normal use, which was for driving around town, but was still in such use by members of Pedro's family, while he and his wife and daughter were making their ill-fated trip to Monterrey. Under the undisputed evidence, the 1960 Corvair was not a "temporary substitute automobile" for the owned automobile, the 1959 Chevrolet, and therefore the accident in Mexico was not covered by the terms of the insurance policy issued by appellant, Atlantic Insurance Company, to Pedro Gonzalez. 83 C.J.S., Substitute, p. 766; Service Mutual Ins. Co. v. Chambers, Tex.Civ.App., 289 S.W.2d 949; Fullilove v U. S. Casualty Co., 240 La. 859, 125 So.2d 389.

The judgment of the trial court is reversed and judgment here rendered that appellees recover nothing and pay all costs of this and the trial court.