40512. NATIONAL-BEN FRANKLIN INSURANCE COMPANY OF PITTSBURGH, PA. v. PRATHER, Administrator.

DECIDED MARCH 4, 1964—REHEARING DENIED MARCH 31, 1964.

460

Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler, for plaintiff in error.

Randall Evans, Jr., contra.

RUSSELL, Judge. ■ The only previous discussion in this State of the exclusionary clause "furnished for the regular use of" in automobile liability policies is to be found in *State Farm*

*Mut. Auto. Ins. Co. v. Bates,* 107 Ga. App. 449 (130 SE2d 514) where Pacific Auto Ins. Co. v. Lewis, 56 Cal. App. 2d 597 (132 P2d 846) is cited as authority for the proposition that the word "furnished for" must be read in connection with "regular use" and that both are operative parts of the exclusion. As there stated: "Assuming that the use of such a car may be regular without being exclusive, there are other elements which may be considered in determining the meaning intended . . . [An automobile] furnished for all purposes and at all times and places would clearly be for his regular use. One furnished at all times but strictly for business purposes alone could hardly be said to have been furnished for his regular use at a time and place when it was being used for personal purposes." This is emphasized in the special concurrence in *Bates* where it is stated (P. 453): "The provision should be interpreted to mean that to exclude coverage there must have been the furnishing for regular use and also regular use." In at least one case the court has gone so far as to hold that a stolen car, not being furnished, is covered under this provision. Sperling v. Great Amer. Indem. Co., 199 NYS2d 465 (7 NY2d 442, 166 NE2d 482).

The plaintiff testified positively that the automobile was not furnished for his use. Under the facts, the truth of this statement was for the jury. It is uncontested that the car was county property and that the commission had no authority in the absence of a resolution to furnish the vehicle for the use of the chairman, and that there was no such resolution. It is true that the county might in fact have so furnished it in an irregular manner, but this is a fact question for the jury and not the court to decide. The jury might have reached the conclusion that it was not furnished to the plaintiff but was merely county property available to county authorities generally, or they might have determined that it was regularly furnished to the county commissioners for official use, but not to the plaintiff for private use. Whether the defendant carried the burden of showing that the facts fell within the exclusion was a jury question. The motion for judgment notwithstanding the verdict was properly overruled.

■ The only ground of the motion for a new trial which was insisted upon is that contending that the finding for the plaintiff of $2,500 as attorney fees was not authorized in that there was no showing that the defendant had acted in bad faith by a frivolous or unfounded refusal to pay. This issue was extremely close on its facts, since the evidence showed without dispute that the plaintiff had had far more actual use of the vehicle than any other person or group of people, and whether or not the board of county commissioners had in fact furnished it for his regular use was left as a conclusion or inference which the jury must necessarily have to reach from all the facts; indeed, the plaintiff in error is doubtless correct in its contention that more evidence points to the conclusion it was furnished for regular use than against it. The preponderance of evidence is for the jury, however, and not for this court to decide. As in the main issue of coverage or noncoverage, so in the issue of whether the defendant's refusal to pay was frivolous and unfounded, if there is some evidence to support the verdict it will not be disturbed. However, where it appears from the evidence that the defendant's refusal to pay was justified on the basis of the facts appearing to the defendant at the time of the refusal, bad faith is not shown. *Georgia Life &c. Ins. Co. v. Gammage,* 91 Ga. App. 125 (1) (85 SE2d 85). None of the evidence here supports the position that the defendant in bad faith contended the vehicle in question was not furnished for the regular use of the plaintiff. The award of attorney fees was therefore not authorized.

The overruling of the motion for a new trial is affirmed with direction that the sum of $2,500 awarded by the jury as attorney fees be stricken. *Byrd v. Equitable Life Assur. Soc.,* 185 Ga. 628 (6) (196 SE 63). Since this amounts to a substantial modification of the judgment, the motion of the plaintiff in error to tax costs in the appellate court against the plaintiff is granted. *Anderson v. Beasley,* 169 Ga. 720 (151 SE 360).

*Judgment affirmed with direction. Nichols, P. J., and Hall, J.. concur.*