42147, 42148.  COTTON STATES MUTUAL INSURANCE COMPANY v. FALLS et al.; and vice versa.

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—JUDGMENT ADHERED TO ON REHEARING DECEMBER 6, 1966—REHEARING DENIED DECEMBER 16, 1966—

William A. Ingram, John A. Dunaway, Haas, Dunaway, Shelfer & Haas, for appellant.

Cullen M. Ward, Sam D. Hewlett, Jr., Florence Hewlett Dendy, for appellees.

PER CURIAM. 1. The defendant insurance company contends that the evidence demanded a verdict finding that no coverage was provided by the policy of insurance under various provisions of the contract. One such contention is that the policy expressly excluded coverage for any automobile, other than that described in the contract, which was "owned by or furnished for regular use" of the insured.

The plaintiffs cite State Farm Mut. Auto. Ins. Co. v. Bates, 107 Ga. App. 449 (130 SE2d 514), and National-Ben Franklin Ins. Co. v. Prather, 109 Ga. App. 459 (136 SE2d 499), to support their contention that whether the automobile came under the exclusion relied upon by the defendant insurer was a question for the jury. In both of these cases it was held by this court that the verdict against the insurer was authorized by the evidence. While in the present case the evidence was conflicting as to some immaterial points, yet when construed most favorably to the plaintiffs, the evidence demanded a finding that the automobile was not covered by the contract of insurance sued on.

As to the correctness of a directed verdict in such circumstances, see Skinner v. Braswell, 126 Ga. 761 (2) (55 SE 914); Sanders Mfg. Co. v. Dollar Savings Bank, 110 Ga. 559 (35 SE 777); and Norris v. Coffee, 206 Ga. 759 (58 SE2d 812).

The evidence in the present case as to "furnishing of the automobile for the regular use" of the insured was not conflicting, it being shown without contradiction that the automobile was left by the insured's step-son with the insured and his wife without intent to reclaim it some months before the date of the collision out of which the judgment against the insured arose with permission to use the automobile without restriction and that it was in fact used without restriction

by the insured whenever and for whatever purpose he desired to use it. In the special concurrence in the *Bates* case, which was adopted in the *Prather* case, it was held that there must be a *furnishing for regular use and also regular use* before the exclusion applied. This is not what the contract of insurance provides. The contract excludes coverage for any automobile *furnished for regular use.* Obviously the exclusion in the contract of insurance clearly is based on the purpose for which the automobile is furnished rather than on the quantum of use. "Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance." Davis v. Jefferson Standard Life Ins. Co., 73 F2d 330, quoted approvingly in *Prudential Ins. Co. of America v. Kellar,* 213 Ga. 453, 458 (99 SE2d 823). A proper construction, if indeed any construction is needed, of the exclusion in the contract is that to come within such exclusion there must be a *furnishing for regular use.* Any holding in the *Prather* and *Bates* cases, supra, contrary to what is here held is expressly overruled. Nor does "furnished for regular use" mean furnished for the exclusive use in the sense that the insured must use such automobile to the exclusion of any other automobile. Thus, the fact that the insured owned an automobile in operative condition which he also used would not prohibit the exclusion from applying. Where, as in the present case, the insured was the exclusive user of the automobile and he—and only he— determined when and for what purpose he would use it, and he did in fact use it for several months prior to the collision, a finding that it was "furnished for his regular use" so as to bring it within the exclusion contained in the insurance contract was demanded. Accordingly, the judgment of the trial court overruling the defendant's motion for a judgment non obstante veredicto must be reversed with direction that a judgment be entered for the defendant in accordance with such motion.

2. The remaining enumerations of error in the main appeal are moot and the judgment complained of in the cross appeal, complaining of the refusal of the trial court to submit the question of attorneys' fees to the jury was not error.

*Judgment reversed with direction in case number 42147; affirmed in case number 42148. Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Pannell, JJ., concur. Felton, C. J., and Deen, J., dissent. Quillian, J., not participating.*

FELTON, Chief Judge, dissenting. "The question of what constitutes 'regular use' within the meaning of such an exclusionary clause has arisen in a number of situations and the resolution of the question usually depends on the particular fact situation, no absolute definition of the term being possible." 7 AmJur2d 415, 416, Automobile Insurance, § 106. Apparently, the only two Georgia cases interpreting such a clause, *State Farm Mut. Auto. Ins. Co. v. Bates,* 107 Ga. App. 449 (130 SE2d 514) and *National-Ben Franklin Ins. Co. v. Prather,* 109 Ga. App. 459, 460 (1) (136 SE2d 499), involve factual situations different from that of the instant case; however they are helpful insofar as they establish general guidelines for this type of case. Many of the pertinent foreign decisions are apparently conflicting, resulting in part, perhaps, from the variation of factual situations to which the exclusion clause has been applied.

The cases are not in harmony on the question whether or not such a clause is ambiguous, requiring a construction strictly against the insurer and liberally in favor of the insured. See cases annotated in 86 ALR2d 937, 942-944, § 3. In my opinion, however, it is not necessary to so construe the present policy, since the purpose of the exclusion is ascertainable and the circumstances of this case govern the question of liability. "The purpose of the 'drive other cars' provision in an automobile liability policy is to cover *occasional* or *incidental* use of other cars without the payment of an additional premium, but to exclude the *habitual* use of other cars, *which would increase the risk on the insurance company without a corresponding increase in the premium.*" (Emphasis supplied.) 86 ALR2d 937, 940 (II, § 2) and cases annotated thereunder. The covered use is also variously described as "casual" (Vern v. Merchants Mut. Casualty Co., 118 NYS2d 672 (21 Misc.2d 51) (1952)) and "infrequent" (Wyatt v. Cimarron Ins. Co., 235 F2d 243 (CA Okla.) (1956)), while the term "regular use" has been held to suggest a principal (though not necessarily exclusive) use as

distinguished from a casual or incidental use. 7 Appleman, Insurance Law & Practice, § 4455, p. 496, n. 80; 36A Words & Phrases 301 (Perm. Ed.); *State Farm Mut. Auto. Ins. Co. v. Bates,* 107 Ga. App. 449, 451, supra; Pacific Auto. Ins. Co. v. Lewis, 56 Cal. App. 2d 597 (132 P2d 846) (1943); 86 ALR2d 937, 952. Thus the key to the insurer's intention in the use of such clause is its obvious intention to cover only those uses, whether described as occasional, incidental, casual, infrequent or by other similar adjectives, which will not materially increase the insurer's risk without a corresponding and compensating increase in the premium.

In the *Prather* case, 109 Ga. App. 459, 461, supra, it is noted that this court, in the *Bates* case, supra, cited Pacific Auto. Ins. Co. v. Lewis, 56 Cal. App. 2d 597, "as authority for the proposition that the word 'furnished for' must be read in connection with 'regular use' and that both are operative parts of the exclusion," then further observed that this is emphasized in the special concurrence in the *Bates* case, from which is quoted the statement: "The provision should be interpreted to mean that to exclude coverage there must have been the furnishing for regular use *and also regular use.*" (Emphasis supplied.) This requirement of *actual,* regular use in addition to mere *availability* for regular use was also recognized in Harrill v. Motor Vehicle Cas. Co., 122 FSupp 389 (DC Iowa) (1954) and Sumrall v. Aetna Cas. &c. Co. (La. App.) 124 S2d 168 (1960). See 86 ALR2d 937, 953, 955.

"Whether a vehicle is covered, or whether it is excluded under a provision denying coverage where such vehicle is furnished for the insurer's regular use, normally becomes a jury question." 7 Appleman § 4455, supra, pp. 496, 497; *State Farm Mut. Auto. Ins. Co. v. Bates,* supra; *National-Ben Franklin Ins. Co. v. Prather,* supra. "Such a provision is usually construed in favor of the insured. And this is particularly true where there is any ambiguity." 7 Appleman § 4455, supra, p. 497. There was ample evidence in the instant case to authorize the finding that, regardless of the use for which the automobile was *furnished,* its actual use was not a principal use, but rather an occasional, incidental, casual, infrequent, etc., use, which was

not sufficient to materially increase the insurer's risk. To set aside the jury's verdict, which was authorized by the evidence, has the effect of denying coverage for irregular use, whereas the policy's exclusion is for "regular" use. I would affirm the judgment of the trial court overruling the defendant's motion for a judgment n.o.v.

DEEN, Judge, dissenting. "After the verdict, the testimony is construed in its most favorable light to the prevailing party. . . . For every presumption and inference is in favor of the verdict." *Young Men's Christian Assn. v. Bailey*, 112 Ga. App. 684, 690 (146 SE2d 324). Although the testimony was in conflict, it indubitably authorized the jury to find that the automobile being operated by the insured at the time of the collision out of which the present action arose was not furnished for his regular use, and further was not regularly used.

In my opinion there was sufficient evidence to authorize the finding that the *prime purpose for which the automobile was furnished or turned over to the insured was to sell it for his step-son*. There was further testimony that would authorize a finding that the insured used this particular automobile on only two occasions. The jury has resolved these issues; therefore, I would affirm the judgment of the trial court overruling the defendant's motion for a judgment notwithstanding the verdict.