44283. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BLACK et al.

PANNELL, Judge. The appellant, State Farm Mutual Automobile Insurance Company brought this action for a declaratory judgment naming as defendants appellees, Clyde Black, Dorothy Black, Nola Black, T. Y. Black, James T. Black, Great Lakes Insurance Corporation of Wisconsin, Terry Lee Black, a minor, and Gary Black, a minor. Generally, this action seeks a declaration that a policy of insurance issued by appellant does not provide coverage for certain claims arising out of an automobile accident which occurred on November 10, 1965.

On November 10, 1965, appellant had issued and there was in effect a policy of automobile insurance naming appellee T. Y. Black as the insured and listing in its declarations only one automobile, a 1962 Chevrolet. On this date, appellee T. Y. Black also owned a recently purchased 1961 Chevrolet which was not listed in the policy declarations.

On November 10, 1965, appellee Nola Black, the wife of appellee T. Y. Black, was driving a 1965 Chevrolet automobile owned by and registered in the name of James T. Black, the son of appellees T. Y. and Nola Black. Appellees, Dorothy Black, Terry Lee Black and Gary Black, the wife and children of appellee Clyde Black, were passengers in the vehicle with Nola Black. While so driving, Nola Black was involved in an accident which caused bodily injury to her and to each of these three passengers.

As a result of the previously described accident, appellees Dorothy, Terry Lee, and Gary Black each brought an action in the Superior Court of Cobb County seeking to recover damages for personal injuries from Nola Black. In addition, T. Y. Black made a claim against appellant for medical expenses incurred for treatment of his wife's injuries. Clyde Black also made a claim for medical expenses incurred for

treatment of his wife and children, Dorothy, Terry Lee, and Gary Black.

Appellant filed this declaratory judgment action against all persons making claims against it, James T. Black, the owner of the automobile involved in the accident and, since James T. Black carried no liability insurance, Great Lakes Insurance Corporation of Wisconsin, which had issued an uninsured motorist policy to Clyde Black.

The petition alleged substantially the facts above stated and sought a declaration that no coverage is provided under the policy arising out of the incident described, and that neither of the defendants is entitled to recover on the policy in the event they obtained judgments in the suits already pending. This declaration as to non-liability was sought based upon the following allegations: "9. At the time of the aforesaid accident, on November 10, 1965, defendant James T. Black was a resident of the household of T. Y. Black and Nola Black and his 1965 automobile was available for the regular use of defendant Nola Black. 10. At the aforesaid time, the automobile driven by Nola Black was not being used as a temporary substitute automobile." There was no dispute that if these facts were true there would be no liability. The case for declaratory judgment and the cross claim turned upon a determination of the truth of the facts alleged in these two paragraphs; the ultimate finding to be applied to the following provisions of the policy: "Insuring Agreement II—Non-owned Automobiles. Such insurance as is afforded by this policy under coverages A. B. Division 2 of C and M, D, D-50, F. G. and H with respect to the owned automobile *applies to the use of a non-owned automobile by* the named insured or *a relative,* and any other person or organization legally responsible for the use by the named insured or relative of an automobile not owned or hired by such other person or organization provided such use is with permission of the owner or person in lawful possession of such automobile. Insuring Agreement II *does not apply:*

"(1) *to a non-owned automobile* (a) registered in the name of the named insured or *a relative,* (b) hired by or *furnished* to the named insured or *a relative for regular use,* . . . Definitions—Insuring Agreements I and II.

"Named Insured—means the individuals so designated in the declarations and also includes his spouse, if a resident of

the same household. *Relative—means a relative of the named insured who is a resident of the same household. Temporary Substitute Automobile—means an automobile not owned by the named insured while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.* Non-Owned Automobile—under coverages A, B, C and M means an automobile or trailer not owned by the named insured or any relative, other than a temporary substitute automobile;—under coverages D, D-50, F, G and H means a private passenger automobile, utility automobile or trailer not owned by the named insured or any relative, other than a temporary substitute automobile while said automobile or trailer is in the possession or custody of the insured or being operated by him."

T. Y. Black answered and cross claimed for the expenses of treating his wife Nola. All other parties answered except James T. Black, who was in default.

By motion made at the trial, James T. Black sought dismissal of the complaint on the basis that even though he was in default, no "cause of action" lay against him. The position of the appellee James T. Black, as stated in his motion, was that no facts had been alleged which would create any basis for liability of said appellee to any claimant. The motion was granted.

After the granting of the above motion, the trial proceeded before the Honorable Albert Henderson, Judge, Cobb County Superior Court, without a jury. After trial, the court denied all relief prayed for by appellant, found that all applicable coverages were in effect, and awarded judgment to T. Y. Black on the cross claim for medical expenses of Nola Black. State Farm Mutual Automobile Insurance Company appealed. *Held:*

1. The trial court did not err in denying the relief sought by the appellant for declaratory judgment as *the sole issues* presented were disputed questions of fact which do not come within the purview of the statute. *Gibbs v. Forrester,* 204 Ga. 545 (2) (50 SE2d 318) ; *State of Ga. v. Hospital Authority of Gilmer County,* 213 Ga. 894, 898 (102 SE2d 543) ; *U. S. Fidel. &c. Co. v. Watson,* 106 Ga. App. 748, 750 (128 SE2d 515). There were no other issues in the case and no question of uncertainty as to the law or the construction of

the policy or as to whether the insurance company should defend the pending suit. As the petition shows, the insurance company is defending the suit under a non-waiver agreement. The only questions presented in the case arc the issues of fact. Should the cases cited not be applicable because of the ruling by the Supreme Court in *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459), the trial judge must nevertheless be affirmed because his decision on the disputed questions of fact, adversely to the appellant, was authorized by the evidence as shown in Division 2 of this opinion.

2. However, these questions of fact must be passed upon in order to determine the issues raised on this appeal relating to the cross claim of T. Y. Black, upon which the trial court entered judgment against the appellant. See Section 81 of the Civil Practice Act of 1966 as amended by the Act of 1968 (Ga. L. 1968, pp. 1104, 1109; *Code Ann.* § 81A-181), and in connection therewith Sections 12 (b), 13 (a), (b), (c), 18 (a) of the Civil Practice Act as amended (*Code Ann.* §§ 81A-112, 81A-113, 81A-118). While the evidence may not have demanded a finding that James T. Black was not a member of the household of T. Y. Black, the named insured, and may not have demanded a finding that the automobile in question was a substitute automobile, it was sufficient to authorize such finding by the trial judge. Accordingly, under the terms of the policy, the appellant was properly held liable to the cross claimant under the medical provisions of the policy. See *Travelers Ins. Co. v. Mixon,* 118 Ga. App. 31 (162 SE2d 830); *Teems v. State Farm Mut. Auto. Ins. Co.,* 113 Ga. App. 53 (147 SE2d 20); *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (145 SE2d 104); *Allen v. McDermott,* 110 Ga. App. 536 (2, 4) (139 SE2d 143); Giese v. Karstedt, 30 Wis. 2d 630 (141 NW2d 886); Egebretson v. Austvold, 199 Minn. 399 (271 NW 809); Simon v. Milwaukee Auto. Mut. Ins. Co., 262 Minn. 378 (115 NW2d 40); *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812 (152 SE2d 811); *State Farm Mut. Auto. Ins. Co. v. Bates,* 107 Ga. App. 449 (130 SE2d 514); *National-Ben Franklin Ins. Co. v. Prather,* 109 Ga. App. 459, 460 (136 SE2d 499); Fleming v. Travelers Ins. Co., 206 Miss. 284 (39 S2d 885); Erickson v. Genisot, 322 Mich. 303 (33 NW2d 803); Pennsylvania Threshermen &c. Mut. Cas. Ins. Co. v.

Robertson, 259 F2d 389, 392; Western Casualty & Surety Co. v. Norman, 197 F2d 67; Atlantic Ins. Co. v. Gonzalez, 358 SW2d 716 (Tex. Civ. App.); Fullilove v. U. S. Cas. Co. of N. Y., 240 La. 859 (125 S2d 389); *Hale v. Southern Guar. Ins. Co.*, 115 Ga. App. 29 (153 SE2d 574); Anno. 34 ALR2d 936; 86 ALR2d 937.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

ARGUED FEBRUARY 3, 1969—DECIDED JUNE 23, 1969— REHEARING DENIED JULY 23, 1969—

Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes, for appellant.

*Lynwood A. Maddox, Daniel C. B. Levy, Swift, Currie, McGhee & Hiers, J. Lewis Sapp, Berl T. Tate, Paul Carden,* for appellees.

FELTON, Chief Judge, concurring specially. I concur in the judgment. I do not concur in the statement in Division 1 of the opinion to the effect that the trial court did not err in denying the relief sought by the appellant by petition for a declaratory judgment because the sole issues presented were disputed questions of fact which do not come within the purview of the statute. Every question of fact to be decided relates to the coverage by insurance involved in the case. The cases cited to support the above statement in the opinion do not support the statement made. The Declaratory Judgment Act was passed for such cases as this, among others, where an insurance company can ascertain whether it should defend or not defend actions brought against its insured or insureds, depending on whether, even under disputed facts, coverage for the insured is provided by the policy. We are squarely faced with the necessity to decide whether the trial judge was authorized to find as he did. *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459); *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512 (160 SE2d 844) and cit. at p. 516. I agree that the judge was authorized to find as he did and was required to do under the issues raised by the petition for a declaratory judgment, which findings controlled the issues on the counterclaim.