David L. BRINGLE, Appellant,

v.

ECONOMY FIRE & CASUALTY COMPANY, Appellee.

No. 53268.

Supreme Court of Iowa.

July 24, 1969.

Arthur J. Crawford, Fort Dodge, for appellant.

Don N. Kersten, Fort Dodge, for appellee.

MASON, Justice.

Plaintiff's appeal presents one issue: Whether the panel truck in which plaintiff was injured was an automobile furnished for his regular use within the meaning ·of an exclusionary provision in a family combination automobile policy issued to him by defendant, Economy Fire & Casualty Co.

The policy issued April 11, 1967, for a six-month period provides inter alia:

"Part II—Expenses for Medical Services

"Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, * * * X-ray * * * and necessary ambulance, hospital, professional nursing * *· * services.

"Division 1. To or for the named insured * * * who sustains bodily injury, * * * caused by accident,

"* * *

"(b) while occupying a non-owned automobile * * * [other than as operator thereof]

"Definitions. The definitions under Part I apply to Part II, and under Part II:

"* * *

"Definitions. Under Part I

"* * *

"'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

In this law action tried to the court David L. Bringle as the named insured seeks recovery under the medical payment section of his policy for expenses incurred in treating bodily injuries sustained in an automobile accident May 19, 1967, to the extent of $1000, the policy limits.

Defendant denied payment, contending no coverage was extended by the policy because plaintiff was injured in a panel truck owned by his employer, The Carpet Store, Fort Dodge, and furnished plaintiff for his regular use.

The matter was submitted to the court on plaintiff's written statement and that of Larry V. Leiting, manager of his employer. There is no factual dispute.

The policy was in full force and effect at the time of the accident in question and medical and hospital bills exceeding policy limits were paid by plaintiff.

Plaintiff had been employed by The Carpet Store since May 1, 1965, as a carpet layer. At the time material here the company owned five panel trucks which it regularly furnished the carpet laying crews for hauling equipment on various jobs.

May 15 plaintiff and Homer Womock, a fellow employee, loaded one of the panel

trucks with material, tools and personal belongings and left Fort Dodge to install carpeting in a home near Creston. The following Friday after they finished the installation they were returning to Fort Dodge with Womock driving when the panel truck was involved in a collision with a lowboy transporting a caterpillar. Plaintiff sustained the injuries for which he seeks medical payments.

The trial court determined the policy does not afford coverage with respect to bodily injury or property damage which results from the named insured's occupancy of a non-owned automobile other than the operator thereof and dismissed plaintiff's petition.

I. Plaintiff appeals from denial of his claim asserting the court erred in holding that furnishing plaintiff a non-owned automobile to be used solely in connection with his employment was for his regular use within the definitions in the policy.

As we understand his position, plaintiff contends because he did not have personal use of the vehicle except for business purposes it was not furnished for his regular use. He maintains the exclusionary provision should be interpreted to mean before coverage may be denied there must not only be a furnishing for the insured's regular use, but the vehicle thus furnished must also be used regularly by him. The trial court held that to sustain this contention would require "reading something into the policy that is not there".

Solution of the issue involves interpretation of the policy language "furnished for the regular use" in the medical payment section.

The policy provisions are similar to those considered in Bates v. United Security Insurance Co., Iowa, 163 N.W.2d 390, but the theory upon which Bringle sought recovery is different from that upon which Bates proceeded. Of course, our consideration is upon the theory plaintiff pursued in the trial court.

Here, if defendant is to escape liability it must come within the exclusionary language in the policy of "non-owned automobiles".

II. Except in determining the legal consequences of the policy we do not review the case de novo but only on errors assigned. Rule 334, Rules of Civil Procedure.

The trial court and defendant here rely heavily on Brouillette v. Fireman's Fund Insurance Co., La.App., 163 So.2d 389, 392. Plaintiff there was injured while riding on a city fire truck in the course of his duties as a fireman. He sought to recover medical expenses occasioned by this accident from the insurer which issued him an automobile liability policy primarily insuring his two family vehicles listed in the policy. In holding the fire truck was furnished for the insured's regular use within the policy provision excluding from medical payment coverage injuries sustained by the named insured while occupying automobiles furnished for his regular use, the court said:

"The question before us thus narrows to this: Was the fire truck on which plaintiff was injured 'furnished' for his 'regular use', or, instead, was it so casually or infrequently occupied by him, as not to be within the intended exclusion by the clause?

"Plaintiff points out, quite correctly, that his use of the fire truck was quite irregular and sporadic and reasonably infrequent, varying as it did on the number of fires.

"However, the exclusion clause does not exclude from medical payments coverage merely vehicles 'regularly used' by the named insured; it excludes from such coverage those vehicles 'furnished' for his regular use.

"The words 'furnished for' connote: to provide for; to supply for; to afford for; to provide what is necessary for. See

Webster's New International Dictionary, 2nd ed., 1960, verbo 'furnish', p. 1021.

"The words 'regular use' connote: used according to some established rule or principle; a use steady or uniform in course, practice, or occurrence (as contrasted to unexplained or irrational variation); use in conformity with established or prescribed rules. Id., verbo 'regular', p. 2099. See also 36A Words and Phrases (1962 volume) verbo 'regular', p. 241, verbo 'regular use', p. 301.

"Applying the criteria listed above, we think that the fire truck was 'furnished' for plaintiff's use, in the sense that it was supplied, afforded, or provided specifically for this particular employee's use or occupancy whenever such was required for the purpose for which the vehicle was made available. It was furnished for plaintiff's 'regular' use in the sense that it was always furnished for plaintiff's use in attending every fire that occurred while he was on duty, which thus was a use steady or uniform in practice, a use in accordance with established or prescribed rule or principle (as contrasted with being furnished for use only on casual or random or unpredictable or chance occasion)."

While Bringle was employed by The Carpet Store it had regularly furnished him a vehicle to go to and from carpet installations sold by the store. Obviously, frequency of such use by plaintiff would depend upon the number of installations. An important consideration is the fact the vehicle was furnished whenever such was required by plaintiff's employment.

In General Casualty Company of Wisconsin v. Hines, Iowa, 156 N.W.2d 118, 123, the question was whether the automobile being driven by defendant at time of the accident was "one not owned by or furnished for the regular use of either the named insured or any relative". In deciding the question we cited Farm Bureau Mutual Automobile Ins. Co. v. Marr, D.C.D.N.J., 128 F.Supp. 67, 70, where, after analyzing several cases involving claims for medical payments under simila. exclusionary provisions where the injuries resulted from accidents occurring while employees were driving their employers' vehicles, the court said:

"The signposts that are indicated to this Court from the foregoing are:

"1. Was the use of the car in question made available most of the time to the insured?

"2. Did the insured make more than mere occasional use of the car?

"3. Did the insured need to obtain permission to use the car or had that been granted by blanket authority?

"4. Was there a purpose for the use of the car in the permission granted or by the blanket authority and was it being used for such purpose?

"5. Was it being used in the area where such car would be expected to be used?"

In speaking of the words of exclusion "furnished for regular use to the named insured", the court in Aler v. Travelers Indemnity Co., D.C.D.Md.C.D., 92 F.Supp. 620, 623, said:

" * * * The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to do so. More specifically the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured. That this is the general purpose of the provision is well and clearly stated in the annotation on the subject in 173 A.L.R. 901."

A large portion of the foregoing is quoted in Farm Bureau Mutual Automobile Ins. Co. v. Marr, supra, where several authorities are collected and considered in detail.

At the time of the accident plaintiff owned a Studebaker tudor hardtop, presumably the vehicle intended to be primarily covered by his policy.

The court concluded from what amounted to a stipulation of facts that the exclusionary provision in the policy issued by defendant to plaintiff applied to the five trucks regularly furnished by plaintiff's employer to the carpet laying crew for use in going to and from work.

In passing upon the correctness of this reasoning we recognize " * * * that no hard and fast rule has been nor in the opinion of this Court can be established for determining this question [what constitutes furnishing for regular use] but that each case must stand or fall upon examination of the facts in the particular case before the Court. The best that can be done is to observe the signposts that aided other Courts in determining this question." Farm Bureau Mutual Automobile Ins. Co. v. Marr, D.C.D.N.J., 128 F.Supp. 67, 68. See also Home Insurance Co. v. Kennedy, 52 Del. 42, 152 A.2d 115, 118; Miller v. Farmers Mutual Automobile Insurance Co., 179 Kan. 50, 292 P.2d 711, 715; and Whaley v. Great American Insurance Co., 259 N.C. 545, 131 S.E.2d 491, 496–497, and citations in these cases.

Although there is authority to the contrary, such policy provisions are generally held to be unambiguous. While the meaning of the policy provision is unambiguous, its application depends upon the facts of the particular case. Grantham v. United States Fidelity and Guaranty Co., 245 S.C. 144, 139 S.E.2d 744, 746, and citations.

Without inferring that the signposts referred to in the foregoing cases include all the essential criteria, we agree they obviously referred to several of the major factors which merit consideration. Kern v. Liberty Mutual Insurance Co., 8 Cir., 398 F.2d 958, 963.

In reaching the conclusion we believe these signposts point to under the factual circumstances here, we consider them as numbered without repeating them verbatim.

1. Five panel trucks were available to plaintiff on every company carpet laying job to which he was assigned.

2. Inherent in the nature of the vehicle's use by plaintiff would be his frequent use of the panel trucks as often as he had installations to make for his employer.

3. The necessity for a panel truck for plaintiff to perform his duties as an employee would have given him blanket permission to use the vehicle in the context for which it was used at the time of the accident.

4. It is obvious from the facts plaintiff was using the vehicle for its intended business purpose.

5. Obviously, the facts again show the panel truck was being used in the area where such vehicle was expected to be used.

■ There is substantial evidence to support a finding the panel truck was furnished Bringle for his "regular use" while acting in the performance of the duties normally assigned to him as a carpet layer by his employer, owner of the vehicle. See Voelker v. Travelers Indemnity Co., 7 Cir., 260 F.2d 275, 278.

■ It is well settled an automobile will be excluded under such policy provision as is involved here although it is only one of a group of automobiles regularly furnished to the named insured by his employer. Kenney v. Employers' Liability Assurance Corp., 5 Ohio St.2d 131, 214 N.E.2d 219, 221.

Besides supporting the particular proposition for which the foregoing authorities are cited here they each consider a policy provision similar to "furnished for the regular use" and support the interpretation made here.

Other courts which have considered the meaning of this provision in the situation where the insured was using his employer's vehicle at the time of the accident and have determined that use by the insured of his employer's vehicle under factual circumstances indicated was "furnished for his regular use" include: Seaboard Fire & Marine Ins. Co. v. Gibbs, 4 Cir., 392 F.2d 793 (Insured took his employer's truck home at night and often on weekends to enable him to transport day workers to his employer's job site on each work day); Iowa Mutual Insurance Co. v. Addy, 132 Colo. 202, 286 P.2d 622 (A claims adjuster was using his employer's vehicle in his daily work and kept the car at home over night); Embody v. LeBlanc, La.App., 131 So.2d 225; Throckmorton v. LeBlanc, La.App., 131 So.2d 231 (The insured had been furnished the car by his employer from March to November to carry out his duties); Moore v. State Farm Mutual Automobile Ins. Co., 239 Miss. 130, 121 So.2d 125 (Insured was employed as a construction worker which included driving his employer's truck); Davy v. Merchants Mut. Cas. Co., 97 N.H. 236, 85 A.2d 388 (The insured was a taxi-cab driver); and Milwaukee Insurance Co. v. Morrill, 100 N.H. 239, 123 A.2d 163 (Insured was operating a mail truck in the normal course of his duties at the time of the accident).

Many of these and other authorities are found in an annotation in 86 A.L.R.2d 937, 958.

On the facts of this case the words "furnished for regular use" cannot be reasonably interpreted so as not to include The Carpet Store's panel truck in light of the general purpose and effect of the exclusionary provision in plaintiff's policy and the guidelines suggested by the authorities cited. Consequently, it was in the exclusion provision of his policy.

III. In support of his assigned error and contention that "the provision should be interpreted to mean that to exclude coverage there must have been the furnishing for regular use and also regular use", plaintiff cites three cases.

The first, Seaboard Fire & Marine Insurance Co. v. Gibbs, 265 F.Supp. 623, was reversed February 28, 1968. See Seaboard Fire & Marine Insurance Co. v. Gibbs, 4 Cir., 392 F.2d 793.

The second, State Farm Mutual Automobile Ins. Co. v. Bates, 107 Ga.App. 449, 130 S.E.2d 514, was expressly overruled by name September 6, 1966, in Cotton States Mutual Insurance Co. v. Falls, 114 Ga.App. 812, 152 S.E.2d 811, 813, where the court said in referring to the phrase quoted as Bringle's contention, supra, "This is not what the contract of insurance provides. The contract excludes coverage for any automobile *furnished for regular use.* Obviously the exclusion in the contract of insurance clearly is based upon the purpose for which the automobile is furnished rather than on the quantum of use. * * * Any holding in the Prather [National-Ben Franklin Ins. Co. of Pittsburgh, Pa. v. Prather, 109 Ga.App. 459, 136 S.E.2d 499] and Bates cases * * * contrary to what is here held is expressly overruled."

In the third case, American Universal Ins. Co. v. Dykhouse, N.D. Iowa W.D., 219 F.Supp. 62, 67–68, affd. 8 Cir., 326 F.2d 694, a contention involving the words "non-owned automobile" appeared to be later abandoned by counterclaimant, although the court observed that the automobile was furnished at the time of the accident to a South Dakota state employee for limited use in attending an annual convention. We find nothing in the opinion which helps plaintiff here.

The trial court was correct in relieving defendant from liability under the terms of the policy involved.

Affirmed.

All Justices concur.