Ernest D. GRACE and Mobil Chemical Company

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Marie Brown, Charlie O'Kelley, and Allan Taylor Plunkett.

Civ. A. No. 12009.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 31, 1970.

Frank Love, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

N. Forrest Montet, Atlanta, Ga., for Hartford Accident & Indemnity Co.

Fred D. Bentley, Jr., Hamilton Lokey, Gerald F. Handley, Atlanta, Ga., for Marie Brown, Charlie O'Kelley and Allan Taylor Plunkett.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action for declaratory judgment brought pursuant to 28 U.S.C.A. § 2201 and 28 U.S.C.A. § 1332. Plaintiffs are an individual employee (Ernest D. Grace) and his corporate employer (Mobil Chemical Company), both allegedly citizens of New York for purposes of jurisdiction. The complaint names as defendants Mr. Grace's insurer (Hartford Accident and Indemnity Company) and three individuals, who were allegedly injured in an automobile accident with Mr. Grace, and who have each sued both Mr. Grace and Mobil in a separate action. It is alleged that each of the individual defendants is a Georgia resident. Plaintiffs seek damages in excess of $10,000.

In a previous order, dated November 25, 1968, denying a motion to dismiss filed by the individual defendants (except as to the question of injunctive relief), the Court stated the various contentions of the parties. At a pretrial hearing held December 19, 1969, in the face of contemplated motions for summary judgment, the parties reached informal agreement that the issues of this case could most easily be settled by a full non-jury hearing on the merits. Nevertheless, Hartford Accident and Indemnity Company and the plaintiffs have since filed cross-motions for summary judgment.

## FINDINGS OF FACT

### 1.

Ernest D. Grace came to Georgia at the request of his employer, Mobil Chemical Company, in order to perform certain work for his employer at Mobil's plant in Covington, Georgia. He arrived on May 8, 1967, and was to remain until the completion of installation of certain machinery, anticipated to require about one month.

### 2.

During that period of time, or for however long installation actually took, Mr. Grace was to have the unrestricted use of an automobile to be provided by Mobil. The Company provided this automobile by leasing one from Ginn Motor Company, in Georgia, for an initial period of one month beginning May 2, 1967.

Although the Company's aim in providing the automobile was to enable Mr. Grace to travel to and from work, and to and from restaurants for meals, Mr. Grace in fact had uninhibited use of that automobile for personal and business purposes, without any restrictions as to either the time during which or the area over which he could use it. At all times, the automobile remained in the custody of Mr. Grace, on the job during the day and at his place of abode at night.

### 3.

On May 13, 1967, Mr. Grace was involved in an automobile accident while driving the car Mobil had leased for him from Ginn Motor Company.

## CONCLUSIONS OF LAW

### A.

On May 13, 1967, Hartford Accident and Indemnity Company had in force and effect a liability insurance policy

bearing the number 32GS883211, wherein Ernest D. Grace was a named insured. The principal "owned automobile" under that policy was a 1964 Ford four-door automobile, which Mr. Grace had left in New York when he came to Georgia.

### B.

The *Hartford* insurance policy contained the following provisions:

"3. *Persons Insured:* The following are insureds under Section I:

\* \* \* \* \* \*

(b) With respect to a non-owned automobile,

(1) the named insured,

\* \* \* \* \* \*

(3) any other person or organization not owning or hiring the automobile . . ."

"4. Definitions: Under Section I:

\* \* \* \* \* \*

'*non-owned Automobile*' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative \* \* \*"

### C.

The automobile which Mobil had furnished for Mr. Grace, and which he was driving on May 13, 1967, at the time of the collision, was not "furnished for the regular use" of Mr. Grace, and therefore was a "non-owned automobile" within the meaning of the Hartford policy.

### D.

Mobil Chemical Company was not a "Person Insured" under the terms of the Hartford policy.

### OPINION

### I.

The first legal issue presented by the pleadings and these motions is whether the automobile which Mr. Grace was driving at the time of the collision on May 13, 1967, was a non-owned automobile covered by the policy. Since non-owned automobiles "furnished for the regular use of" the insured are not so covered, this legal issue turns wholly on construction of the quoted exclusionary phrase.

■ In a diversity action, the Court must apply Georgia choice of law rules, in order to ascertain what law a Georgia court would apply to construe the terms of this policy. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). An examination of those rules leads to the conclusion that a Georgia court would apply Georgia case law. Budget Rent-A-Car Corp. of America v. Fein, 342 F.2d 509 (5th Cir. 1965). There are four Georgia cases which have construed the phrase in question.

In State Farm Mutual Automobile Ins. Co. v. Bates, 107 Ga.App. 449, 130 S.E. 2d 514 (1963), the insurer brought an action for a declaratory judgment that there was no coverage because the insured was driving a non-owned automobile which was furnished to him for regular use. The Georgia Court of Appeals simply held that it was proper to submit to the jury the question whether the facts of the case made the exclusion based on this phrase applicable. The case involved a privately insured service man who regularly transported small equipment from one air base to another, driving a car from the air base motor pool. It was on one of these 100-mile trips that the collision occurred. Chief Judge Felton concurred in a separate opinion, stating that (a) the provision required both that the vehicle have been furnished for the insured's regular use, and that the insured actually used it regularly; and (b) a vehicle furnished to a group rather than to the insured particularly is not one "furnished to the insured for regular use."

In National-Ben Franklin Insurance Co. of Pittsburgh, Pa. v. Prather, 109 Ga.App. 459, 136 S.E.2d 499 (1964), the Court of Appeals followed the majority opinion in the *Bates* case, *supra,* and sustained the decision of a trial court which refused to overturn a jury verdict for the insured. This time the insured

was a county commissioner driving an automobile purchased by the board of (three) county commissioners, and used at various times by all of them, mostly for county business, but occasionally for personal business. The opinion of the Court quoted the concurring opinion of Chief Judge Felton in *Bates, supra,* that in order for the exclusion to apply, the automobile must have been furnished for regular use and actually used regularly. 109 Ga.App. 459, 461, 136 S.E.2d 499.

Cotton States Mutual Ins. Co. v. Falls, 114 Ga.App. 812, 152 S.E.2d 811 (1966) involved a suit by the insured to recover from his insurer, for an auto accident in which he was driving an auto indefinitely loaned to him by his step-son. This time, however, the Georgia Court of Appeals reversed the decision of the trial court, which had upheld a jury verdict for the plaintiff. Such a verdict was, again, an implicit finding that the non-owned car was not one "furnished for [the insured's] regular use." In reversing the trial court's decision, the Court of Appeals explicitly rejected Chief Judge Felton's view that a non-owned car is not one "furnished for the insured's regular use" unless the automobile was furnished for regular use and actually used regularly. 114 Ga.App. 812, 814, 152 S.E.2d 811, 812 Chief Judge Felton naturally dissented.

Finally, in Hale v. Southern Guaranty Ins. Co., 115 Ga.App. 29, 153 S.E.2d 574 (1967), the Court held that this provision excluded coverage for a non-owned car which the insured's sister-in-law had loaned the insured and his wife three months before the accident. The opinion, by Chief Judge Felton merely recited these facts and cited Cotton States Mutual Ins. Co. v. Falls, *supra.*

■ The Court has here tried to state the facts in a light most favorable to the insurance company, without being redundant and repetitious, because it appears that even granting such favorable construction of the facts, the policy provision excluding coverage of non-owned vehicles furnished for the regular use of the insured does not apply to the automobile in question. The basis for this conclusion is, surprisingly enough, stated by Chief Judge Felton dissenting in Cotton States Mutual Ins. Co. v. Falls, 114 Ga.App. 812, 152 S.E.2d 811 (1966). In the Chief Judge's view, the purpose of a provision excluding non-owned cars furnished for the insured's regular use is to cover the occasional or incidental use of non-owned vehicles, but to exclude the habitual use of non-owned vehicles which would increase the insurer's risk without a corresponding increase in premium. 114 Ga.App. 812, 815, 152 S.E.2d 811. Stated another way: " * * * the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured." Aler v Travelers Indemnity Co., 92 F.Supp. 620 (D.Md.1950).

Certainly it is possible that Hartford Accident and Indemnity Company did not intend to cover the insured while he was driving any automobile furnished by his employer. Such a reading of this policy provision is logically feasible. However the Georgia cases cited above do not permit that broad a construction of this exclusion. The Court agrees that Cotton States Mutual Ins. Co. v. Falls, 114 Ga.App. 812, 152 S.E.2d 811 (1966) overrules Judge Felton's twofold test for applying this exclusion. And it is recognized that Chief Judge Felton's dissent in *Cotton States* is intended to explain why he feels that the exclusion should not be permitted unless the non-owned automobile was not only furnished for the insured's regular use, but also *actually used regularly.*

Nevertheless, Chief Judge Felton's explanation of the purpose of this exclusion facilitates application of the majority rule in Cotton States to the case at bar. Such an application to even the facts proffered by the plaintiffs results in the conclusion that the automobile which the insured was driving at the

time of the accident was a non-owned automobile as defined in the policy.

In the Court's view, the vehicle was not furnished for Grace's "regular use," but for a limited business assignment away from his home. There is no logical distinction between this use and a week's lease of a U-Drive-It at company expense by a traveling salesman. The vehicle is simply not for regular use within the meaning of the policy exclusion.

## II.

It is undisputed that Mobil Chemical Company furnished the automobile which Mr. Grace was driving at the time of the collision by renting it for Mr. Grace from Ginn Motor Company of Covington, Georgia (Plaintiffs' Proposed Findings of Fact No. 6; Affidavit of J. R. Watson).

The Hartford policy clearly provides that a "Person Insured" does not include any person or organization which owned or hired the non-owned automobile which the insured was driving. The insurer agrees that it would be anomolous to construe the policy to cover the employee but not the employer, and that such an illogical result bears witness to its intent not to cover any automobile rented by an employer and furnished to an employee for his unrestricted use over any period of time.

The Court has already acknowledged that the insurer may have had such an intent. But this Court is bound by the decisions of Georgia courts, which do not permit the construction urged by the insurer. Accordingly, the result reached above, including the conclusion that Mobil is not a Person Insured, must stand, however anomolous it appears to the insurer.

## III.

The company owes the obvious duty to defend Grace under Paragraph 1, Section I of the policy. Beyond this, the court does not see what further declaratory relief can be granted. Liability to the claimants in the tort suit presupposes liability on the part of Grace which must await the judgment of a jury. However, it follows that upon a showing of such liability, coverage would follow.

If a formal order is required, plaintiff's counsel may present same. Under the circumstances, the court sees no need for a non-jury hearing on the matter.

It is so ordered.