**SOUTHERN RAILWAY COMPANY,
Plaintiff-Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant-
Appellant.**

**No. 72–3299.**

United States Court of Appeals,
Fifth Circuit.

April 18, 1973.

Rehearing and Rehearing En Banc
Denied May 25, 1973.

---

**50**

Richard G. Greer, Kenneth C. Pollock, Atlanta, Ga., for defendant-appellant.

James D. Maddox, Rome, Ga., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Though the parties disagree as to the proper conclusions and inferences to be drawn, the evidentiary facts in this diversity case are undisputed. In June of 1968 Sharon Santolla graduated from high school in Tazewell, Virginia, where she lived with her parents. After graduation, she went to Marietta, Georgia, to stay with her sister, Carol Averill, and her brother-in-law, Wallace Averill, seeking work for the summer in Georgia prior to starting college in Virginia in the fall. She obtained employment at Six Flags Over Georgia Amusement Park

in Mabelton, Georgia, on July 30, 1968. She was hired to work daily, except Friday, on the five o'clock p. m. to ten o'clock p. m. shift. She usually worked a double shift from eight o'clock a. m. until ten o'clock p. m. Wallace Averill allowed her to use one of his cars, a 1958 Karman Ghia, to drive to and from work. On every working day for approximately twenty-five days she used the car for that purpose with Averill's knowledge and consent and without asking for separate permission each day. She never used the car or requested permission to use it for any other purpose. She purchased gasoline and some tires for the automobile while she was using it. Sharon only drove the car to and from her place of work but no one else used the car while she was at work. On the morning of August 29, 1968, Sharon was involved in a collision with a Southern Railway train, in which Bruce C. Clark, a passenger in the automobile, was injured.

Subsequently, Clark brought suit against Sharon and the Southern Railway Company. As a result of a settlement agreement, Clark recovered a joint and several verdict and judgment in the sum of 70,000 dollars against Sharon and the Railway Company. The Averill automobile was covered by a liability insurance policy written by Gulf Insurance Company. Gulf paid 10,000 dollars, the limit under its primary policy, into court. The remainder of the judgment, 60,000 dollars, was paid by Southern Railway.

Southern Railway brought this action against State Farm Mutual Automobile Insurance Company for statutory contribution,[1] alleging that State Farm is liable under policies of insurance issued by it to Sharon's father. Both parties moved the court below for summary judgment. The court granted Southern Railway's motion and we affirm.

■ We note at the outset our approval of the district court's holding that Southern Railway could maintain this action against State Farm. No useful purpose would be served by a lengthy discussion of that issue here in light of the district court's opinion set out at 357 F.Supp. 810.

State Farm's second defense to liability is more substantial. The insurance company admits that at the relevant time Sharon's father, G. L. Santolla, was the insured under two insurance policies issued by State Farm, which provided "non-owned automobile" coverage, and it has abandoned on this appeal its trial court contention that Sharon was not a member of her father's household at the time of the accident. It contends, however, that Sharon was not covered by the policy while operating the Averill automobile because the vehicle was furnished to her for regular use.[2] The district court ruled that the undisputed facts conclusively established that the Karman Ghia was not furnished Sharon for her regular use.

■ Under Georgia law, even where the basic facts are undisputed, as these are, the trier of fact is entitled to draw inferences or overall conclusions of fact as to whether the proof demonstrates "regular use." *See* State Farm Mutual Automobile Insurance Company v. Bates, 107 Ga.App. 449, 130 S.E.2d 514 (1963); California Insurance Company v. Blumberg, 101 Ga.App. 587, 115 S.E.2d 266 (1960). Federal law compels the same result. *Cf.* Necaise v. Chrysler Corp.,

---

1. Contribution.—In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity

may entertain jurisdiction.
Ga.Code Ann. § 37–303 (1962).

2. The policy provides that:
"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative other than a temporary substitute automobile;
. . .

**52**

335 F.2d 562 (5th Cir. 1964); United States v. Fewell, 255 F.2d 496 (5th Cir. 1958); Texas Company v. Savoie, 240 F.2d 674, rehearing denied, 242 F.2d 667 (5th Cir.), cert. denied, 355 U.S. 840, 78 S.Ct. 49, 2 L.Ed.2d 51 (1957).

■ ■ In this case the trial judge held that as a matter of law the undisputed evidence compelled the conclusion that the automobile was not furnished to Sharon for her regular use. It is unnecessary for this court to review the correctness of this decision, for in this non-jury case the judge was the trier of fact. There was ample evidence to support his decision construed as a factual determination. In Grace v. Hartford Accident `& Indemnity Co., 324 F. Supp. 953 (N.D.Ga.), aff'd, 440 F.2d 411 (5th Cir. 1970), a district court judge learned in Georgia law [3] found that an automobile provided by an employer for an employee's virtually unrestricted usage for a period of time anticipated to span at least one month was not furnished for "regular use" within an identical sort of policy term. Moreover, Sharon's entitlement to the car and her expectation of continued use were considerably more speculative and contingent than those of the employee in *Grace*. *See also* State Farm Mutual Automobile Insurance Co. v. Bates, *supra*; National-Ben Franklin Insurance Co. v. Prather, 109 Ga.App. 459, 136 S.E.2d 499 (1964).

■ Though it disagrees with the inferences and conclusions of the trial judge, State Farm has not demonstrated that there is any real dispute as to the evidentiary facts or that it has further or more probative evidence to present in this case which would call for this court to remand for a formal trial. In these circumstances a remand for a. hearing would be no more than a useless formality and a waste of judicial energy. Any error was harmless. F.R.Civ.P. 61.

Affirmed.

AINSWORTH, Circuit Judge (dissenting):

I respectfully dissent. In my view, the District Court committed error in denying the motion of appellant State Farm Mutual Automobile Insurance Company for summary judgment, and in granting the motion of appellee Southern Railway Company for summary judgment. On the basis of the undisputed facts which are set forth in the majority opinion, it appears as a matter of law that Sharon Santolla was furnished the 1958 Karman Ghia automobile for her regular use and was so engaged in that use at the time of the accident sued upon. Accordingly, there was no coverage by State Farm on its policy of liability insurance. The judgment should be reversed.

---

**3.** A district judge's determinations on questions involving the law of his state are entitled to great weight. Petersen v. Klos, 433 F.2d 911 (5th Cir. 1970).