ERICKSON *v.* GENISOT.

INSURANCE—AUTOMOBILES—USE OF SUBSTITUTE CAR—WITHDRAWAL
OF INSURED CAR FROM NORMAL USE.

Under automobile insurance policy extending coverage for pub-
lic liability, property damage and medical payments to sub-
stitute automobile when truck covered was "withdrawn from
normal use because of its breakdown, repair, servicing, loss or
destruction," where substitute car was involved in accident
while engaged in a long trip, a use to which the 10-year-old
truck was formerly put when in good mechanical condition, and
it does not appear truck had been withdrawn from all normal
use at time of accident, coverage under policy was not extended
to substitute car.

Appeal from Gogebic; Landers (Thomas J.), J.
Submitted June 11, 1948. (Docket No. 61, Calendar
No. 44,024.) Decided September 8, 1948.

Garnishment proceedings on an insurance policy
by E. William Erickson, special administrator of
the estate of Raymond Chipperi, deceased, against
Frank Genisot and another, principal defendants,
and Maryland Casualty Company, a foreign corpo-
ration, garnishee defendant. Judgment for plain-
tiff. Garnishee defendant appeals. Reversed with-
out new trial.

*Bernard E. Larson,* for plaintiff.

*S. W. Patek,* for garnishee defendant.

REFERENCES FOR POINTS IN HEADNOTES
5 Am. Jur., Automobiles, § 518.2 (Supp).
Construction and application of replacement or substitution provi-
sion of automobile liability or indemnity policy, 127 A.L.R. 486.

Dethmers, J.  Plaintiff had judgment against the principal defendants for damages on account of the death of plaintiff's decedent resulting from collision with a Plymouth automobile owned by defendant Webb and operated by defendant Genisot.  This is an appeal by the garnishee defendant, Maryland Casualty Company, from judgment for plaintiff in garnishment proceedings brought on an insurance policy covering an International truck owned and used in his business by defendant Genisot.  Plaintiff bases his claim against the garnishee defendant upon the following provision in its insurance policy:

"VI   Temporary use of substitute automobile. While an automobile owned in full or in part by the named insured is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to such automobile applies with respect to another automobile not so owned while temporarily used as the substitute for such automobile."

The question presented is whether the insured International truck was *withdrawn* from *normal* use because of *breakdown* so that the Plymouth automobile was, on that account, being used as a *substitute* for the truck and was, therefore, covered by the policy when the accident occurred.

Despite inconsistencies in the testimony, it satisfactorily appears from undisputed testimony that the truck was 10 years old, rapidly deteriorating, in poor running order, at times not running at all, and, at the time the policy was written and during the period from that time until the date of the accident, was, for those reasons, not as freely and extensively used as theretofore; but it still was being used, as the only motor vehicle Genisot owned, in and about his business at the time of the accident.  The normal

use of the truck during that period included hauling mail, under government contract held by Genisot, twice a day from the post office to the depot in the city of Hurley, Wisconsin, where Genisot's place of business was located, making service calls in connection with his radio repair business and calls relating to his wholesale confectionery business in Hurley and vicinity, and transporting Genisot from his home in Montreal, Wisconsin, to his business in Hurley.    The use of the truck for those purposes during that period was hampered, and at times prevented, by its poor mechanical condition.    Prior thereto, when the truck had been in better shape, Genisot had used it for such business purposes not only in Hurley and neighboring places but also on longer trips, sometimes to points 50 miles or more from Hurley.    On the day of the accident he desired to travel, in the interests of his business, to places 50 miles and more distant and, because he considered the truck mechanically unfit to travel that far, borrowed Webb's Plymouth automobile for the trip. On his return, when about a mile from Hurley, the accident occurred.

It is plaintiff's contention that the kind of trip, made on the day of the accident, was included within the normal use formerly made of the truck; that the truck had been that day withdrawn from that specific normal use because of its broken down condition and the Webb car, for that reason, substituted therefor; that, hence, under the above noted provision of the insurance policy, coverage extended to the Webb car at the time of the accident.

No one testified that on the date of the accident the truck was not being used or had been entirely withdrawn from use in Genisot's radio or confectionery or mail-hauling business.    Both Genisot and one of his employees testified that the truck was being used for such purposes during the period com-

mencing some time before and ending some time after that date; and the employee testified that he thought it had been so used on that date. Such use, even though limited, was within the range of the normal use of that truck in Genisot's business.

In plaintiff's brief it is stated that if the insurance policy had provided for coverage for a substitute automobile only while Genisot's truck "is withdrawn from use," in that event the extension of coverage to the Webb automobile would have been dependent upon withdrawal of Genisot's truck from *all use*. Plaintiff concludes, however, that, inasmuch as the provision of the policy for extension of coverage to a substitute automobile actually requires withdrawal of the insured truck only from *normal use*, coverage should be held to extend to the Webb automobile because the truck was withdrawn from some portion of what had formerly been its normal use. We think plaintiff's latter conclusion unsound. Just as a provision in the policy requiring withdrawal of the truck from *use*, as a prerequisite to extension of coverage to the Webb automobile, would have necessitated, as plaintiff concedes and as we believe to be correct, the truck's withdrawal from *all use*, so the actual prerequisite specified in the policy, *viz.*, withdrawal of the truck from *normal use*, necessitated its withdrawal from *all normal use*. This, we think, is the clear and unmistakable meaning of the language employed in the insurance policy. No such withdrawal was established by plaintiff.

Judgment reversed without a new trial and with costs in both courts to the garnishee defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.