45608. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. LIETZ.

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 7, 1970.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Cubbedge Snow, Jr.,* for appellant.

*Frank O. Evans,* for appellee.

HALL, Presiding Judge. State Farm contends that under the terms of the policy, in order for the mother's car to be a temporary substitute two things must be shown: first, that the daughter's car was withdrawn from normal use, and second, that the

598

withdrawal was because of its breakdown. It further contends that neither of these conditions was met, and as a matter of law, the mother's vehicle could not be considered a temporary substitute.

There appears to be no Georgia case construing the phrase "withdrawn from normal use." Other jurisdictions have decided the question variously. "Withdrawal of the truck from normal use necessitated its withdrawal from all normal use." Erickson v. Genisot, 322 Mich. 303 (33 NW2d 803). See also Service Mut. Ins. Co. v. Chambers, (Texas). 289 S. W. 2d 949 and Fullilove v. U. S. Casualty Co. of N. Y., 240 La. 859 (125 S2d 389). On the other hand, several other jurisdictions allow the "disabled" automobile to be used to some extent and for some purposes during the substitution period. See Mid-Continent Cas. Co. v. West, (Okla.) 351 P. 2d 398; Canal Ins. Co. v. Paul, (Tenn.) 369 SW2d 393; Nelson v. St. Paul Mercury Ins. Co., 83 S. D. 32 (153 NW2d 397).

We cannot even determine whether there is a "majority view" on the subject, and the leading treatises on insurance express no preference. We believe the key to construction lies in the purpose of the temporary substitute provision. This court has held that "The purpose is not to defeat liability but reasonably to define coverage by limiting the risk to one operating vehicle at a time for a single premium." *Hemphill v. Home Ins. Co.,* 121 Ga. App. 323, 333 (174 SE2d 251).

Therefore, if a vehicle is operable, the owner must take some step to preclude its use by another during the substitution period or there will be a material increase in the risk contemplated by the insurer. "If the vehicle insured can be operated, some overt act is requred to prove its withdrawal from service, although this would not necessarily require its being garaged." 7 Appleman 95, § 4293.5 citing Lewis v. Bradley, 7 Wis. 2d 586 (97 NW2d 408). There was no such act here. The daughter stated that the mother could have used the car at any time since she had both a set of keys and implied permission. The fact that the mother did not actually have occasion to go out does not alter the basic fact that the car was not withdrawn from normal use (which, in a passenger vehicle, would include local driving as well as a long trip to work) and that coverage of the risk remained on this automobile under the daughter's policy.

The question of what constitutes a breakdown has received less attention, but such conditions as being low on gasoline, having on snow chains during good weather, having no hood, or being less suitable or convenient for the contemplated trip have been held not to be breakdowns. On the other hand, badly worn tires have been held to be the equivalent of the automobile's breakdown. See the collected cases in 34 ALR2d 938, 949, § 18 and Later Case Service. We believe the phrase "its breakdown" means either a condition rendering the vehicle inoperable or one which would make its use dangerous, as opposed to a breakdown of a non-essential component. Neither of these conditions was present here. The daughter's car was in good operating condition, and while the lack of a heater made it uncomfortable and inconvenient for a long trip, it certainly did not make it dangerous.

The trial court erred in finding that this car had been withdrawn from normal use because of its breakdown and in granting summary judgment to plaintiff.

The evidence demands the opposite finding: that, as a matter of law, the mother's car was not a temporary substitute as contemplated by the terms of the policy and that defendant is entitled to summary judgment.

*Judgment reversed. Deen and Evans, JJ., concur.*