ATKINSON, APPELLEE, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT; NATIONWIDE INSURANCE COMPANY ET AL., APPELLEES.

(No. 83 CA 76 — Decided
June 12, 1984.)

*James F. Brandabur,* for plaintiff-appellee Atkinson.

*Anthony R. Kidd,* for defendant-appellant State Farm Mut. Auto. Ins. Co.

*Marshall L. Clark* and *Marshall Peterson,* for defendants-appellees Nationwide Ins. Co. et al.

WEBER, J.  The original complaint filed in this action involves an automobile accident between vehicles driven by Judy E. Atkinson and Thomas Schaeffer. Included in the complaint was an action for declaratory judgment to determine what rights plaintiff may have against State Farm Mutual Automobile Insurance Company ("State Farm") and Nationwide Insurance Company ("Nationwide").

Partial summary judgments were requested by both State Farm and Nationwide. The court of common pleas determined in its entry of February 16, 1983 that Thomas Schaeffer was not covered by the policy of Nationwide. This judgment is appealed by defendant, State Farm, after the trial court certified there was no just reason for delay.

Judy Atkinson, an insured of State Farm, was injured on Indian Ripple Road, Greene County, Ohio.

The driver of the other vehicle involved in the accident was Thomas Schaeffer.

The owner of the vehicle driven by Thomas Schaeffer at the time of the accident was his father who had no insurance. His sister, Jenny Schaeffer, was insured by Nationwide. Thomas Schaeffer and Jenny Schaeffer were members of the same household.

The night before this accident occurred, Jenny Schaeffer and Thomas Schaeffer had stayed at their brother's home located on Rosemont Avenue, Dayton, Ohio.

Early on the morning of the accident, Jenny Schaeffer lent Thomas Schaeffer her 1973 Monte Carlo. Thomas borrowed Jenny's 1973 Monte Carlo to go to work at his place of employment in Xenia, Ohio.

The 1973 Monte Carlo was insured under the Nationwide Century II automobile policy.

According to his custom, Thomas Schaeffer stopped at his home to change into his work clothes. After changing his clothes, Thomas re-entered Jenny's car in order to drive to work. Jenny's car would not start. The starter would not turn the engine over. He attempted to start the vehicle many times. Without making further contact with his sister, Jenny, Tom went back into his home, got the keys to his father's car and started driving it to work without the permission of anyone, and on the way to work was involved in the accident with plaintiff, Judy Atkinson.

After learning of the accident, Jenny Schaeffer proceeded to her home, was able to get her car started after some effort, and drove it away.

The pertinent terms of the Nationwide Century II policy are as follows:

"COVERAGE

"PROPERTY DAMAGE & BODILY INJURY LIABILITY COVERAGE Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay for such damages.

Anyone living in your household has this protection. * * *"

"DEFINITIONS

"1. the words 'YOU' and 'YOUR' mean or refer to the policyholder first named in the attached Declarations, and include the policyholder's spouse if living in the same household.

"* * *

"4. the words 'YOUR AUTO' mean the vehicle or vehicles described in the attached Declarations. * * *"

"COVERAGE EXTENSIONS

"USE OF OTHER MOTOR VEHICLES Your auto's Property Damage and Bodily Injury Liability insurance also applies to certain other motor vehicles:

"1. It applies to a motor vehicle you do not own, while it substitutes temporarily for your auto. Your auto must be out of use because of breakdown, repair, servicing, loss, or destruction. * * *"

After the accident, Jenny Schaeffer was informed by Nationwide that they would not provide coverage for the accident.

State Farm argues that the trial court erred:

"1. By holding that the Nationwide Insurance Company's automobile liability coverage requires that the named insured authorize or permit the substitution of another automobile and the named insured must have the substitute motor vehicle in her possession or control in order for liability coverage to be available under Nationwide's temporary substitute automobile provision.

"2. By holding that Nationwide Insurance Company's automobile liability coverage was not available to cover Tom Schaeffer when operating a motor vehicle which he had substituted for Jenny Schaeffer's automobile which had broken down while Tom Schaeffer was using Jenny Schaeffer's car."

State Farm contends that the automobile Thomas Schaeffer was driving at the time of the accident was covered by Jenny Schaeffer's Nationwide policy.

State Farm reaches this conclusion by analyzing the "use of other vehicle clause" of the Nationwide policy which extends coverage of the Nationwide policy "to a motor vehicle you do not own, while it substitutes temporarily for your auto. Your auto must be out of use because of breakdown, repair, servicing, loss or destruction."

While Thomas Schaeffer did not start Jenny Schaeffer's auto before he borrowed his father's auto, the evidence is uncontroverted that her auto was not out of use on the day of the accident. On that day her auto was operated before and after the accident.

At no time did Thomas Schaeffer articulate that he considered he was substituting his father's auto for Jenny's auto or that he was taking Jenny's auto out of use. The evidence demonstrates that Thomas Schaeffer simply borrowed his father's auto with no thought of substituting one auto for the other or taking Jenny Schaeffer's auto out of use.

The purpose of the "temporary substitute" clause in an automobile liability policy is to afford continuous coverage to an insured while limiting risk to one operating vehicle at a time for a single premium, and, therefore the insured vehicle for which the substitution is made must be withdrawn from use by some overt act which would reasonably preclude the possibility of both vehicles being driven at the same time. If the vehicle is operable, the insured must take some step to preclude its use by another during the substitution period. *State Farm Mut. Auto. Ins. Co.* v. *Lietz* (1970), 122 Ga. App. 596, 178 S.E. 2d 218.

The overt act required or the steps taken will vary with each case. While the express or implied authorization by the owner or named insured to make the substitution or the maintaining of

possession or control by the named insured of the substitute vehicle could be such an overt act, we agree with State Farm there could be other overt acts, however, in this case, neither Jenny Schaeffer nor Thomas Schaeffer took any steps to preclude the use of the 1973 Monte Carlo during the substitution period on the day of the accident, therefore, there was no overt act which would reasonably preclude the possibility of both vehicles being driven at the same time.

The second assignment of error is overruled and while we agree in some measure with the legal position of State Farm on its first assignment of error, it does not support a reversal of the trial court's judgment.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.