703 P.2d 1232

**PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Bret LEWALLEN and Suzanne Steinbach Lewallen, husband and wife; Catalina Anna Trejo and Christina Trejo; and George Simon, Defendants/Appellees.**

**No. 2 CA–CIV 5272.**

Court of Appeals of Arizona, Division 2, Department A.

April 29, 1985.

**84**

Bury, Moeller & Humphrey by David C. Bury, Tucson, for plaintiff/appellant.

Miller & Pitt, P.C. by Thomas G. Cotter, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

The question we are asked to decide in this case is whether a vehicle owned by a husband and being temporarily driven by the wife while her own car is inoperable because of mechanical breakdown can be considered a "temporary substitute automobile" under the wife's liability insurance policy. We hold that it is not and that the policy affords no coverage to the wife in a personal injury action filed against her as a result of an accident that occurred while she was driving her husband's vehicle.

Suzanne Lewallen was the named insured on a policy issued by appellant insurance company covering a 1971 Ford Pinto owned by her as her sole and separate property. She had held the policy for two to three years before the accident, simply renewing it at the appropriate times. The policy listed her name as Suzanne Steinbach since she had not changed the name on it after her marriage in July 1982. Bret Lewallen, Suzanne's husband, owned, as his sole and separate property, a 1973 Ford pickup which had been severely damaged in a camping accident about a year before the accident in question. The couple had rebuilt it during the year; it had become operable only a few days before Suzanne's accident on October 12, 1982. The weekend before the accident Suzanne's car, the Ford Pinto, suffered a clutch failure and was put on blocks to be repaired by the couple. Suzanne then drove the pickup on Monday and Tuesday, the day of the accident.

Appellees Trejo were the driver and passenger of the car Suzanne Lewallen hit, and appellee Simon was the owner. They filed suit against the Lewallens in another action. Appellant refused to defend her in the suit. The company then filed this declaratory judgment action contending the

policy afforded no coverage for the accident. Although the Lewallens filed an answer, they participated no further in the case. Appellees Trejo and Simon moved for summary judgment, and the trial court granted it, stating that the policy definitions of temporary substitute automobile and non-owned automobile were somewhat ambiguous. Appellant has appealed from that ruling.

The applicable definition provisions of the policy are as follows:

"(a) 'named insured' means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household;

\*     \*     \*     \*     \*     \*

"(g) 'temporary substitute automobile' means any automobile or trailer not owned by the named insured while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use. because of its breakdown, repair, servicing, loss or destruction;

\*     \*     \*     \*     \*     \*

"(h) 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

Appellant contends that the pickup did not qualify as a temporary substitute vehicle since it was owned by Suzanne's husband at the time of the accident. Since her husband is included in the definition of "named insured" by virtue of the fact that he is a spouse residing in the same household, his vehicle cannot be a temporary substitute automobile. Appellees contend the use of the word "the" before "named insured" in the definition of temporary substitute automobile renders the clause ambiguous and since ambiguities are to be construed against the insurer, *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070,

103 S.Ct. 490, 74 L.Ed.2d 632 (1982), there is no coverage.

There is no doubt whatever the policy would have afforded no coverage if the husband had been driving the pickup at the time of the accident.

In order for us to find that the policy provisions in question are ambiguous, we would be required to torture the English language. We are not prepared to do so. The policy definitions clearly include a spouse who resides in the same household as a named insured. There is no question that Bret Lewallen was married to Suzanne and that they resided together. There is also no question that the pickup involved in the accident belonged to Bret. Since it was owned by a named insured it does not meet the requirements of the temporary substitute automobile clause. This court may not create an ambiguity where none exists even though the insured may suffer harsh results. *State Farm Mutual Automobile Ins. Co. v. O'Brien*, 24 Ariz. App. 18, 535 P.2d 46 (1975). The "ambiguity" rule applies only after the court is unable to determine how the language of the policy applies to the specific facts of the case. *Stephan v. Allstate Insurance Co.*, 26 Ariz.App. 367, 548 P.2d 1179 (1976). There is no such difficulty here and hence no reason to apply the rule.

The purpose of the temporary substitute automobile clause is to extend coverage to the insured temporarily and automatically without payment of an additional premium to protect him when he uses a vehicle not specified in the policy in place of the insured car which is inoperable because of a mechanical breakdown or the like. *Sellers v. Allstate Insurance Co.*, 113 Ariz. 419, 555 P.2d 1113 (1976); *Fulton v. Woodford*, 17 Ariz.App. 490, 498 P.2d 564 (1972). The clause is not intended to narrow or defeat liability but to limit the insurer's risk for regular driving to one vehicle at a time for a single premium. *Teter v. Corley*, 2 Kan.App.2d 540, 584

**86**

P.2d 651 (1978); 7 Am.Jur.2d Automobile Insurance § 236 (1980). "[I]f such coverage was ordinarily extended, the insurer would be covering an uninsured vehicle for a single premium in lieu of the insured taking out separate coverage for his automobiles." 12 G. Couch, Cyclopedia of Insurance Law § 45:219 at p. 512 (2d ed. 1981).

 The Lewallens both testified the only car that was insured was the Pinto. Neither believed there was any coverage for the pickup at the time of the accident. Thus, the reasonable expectations of the insured are realized by a finding of no coverage. *Darner Motor Sales v. Universal Underwriters*, 140 Ariz. 383, 682 P.2d 388 (1984).

Appellant has cited several cases in which courts of other jurisdictions have found that the substitution clause precludes coverage, and appellees have cited several cases holding the opposite. In *Cotton States Mutual Ins. Co. v. Bowden*, 136 Ga.App. 499, 221 S.E.2d 832 (1975); *Illinois National Ins. Co. v. Trainer*, 1 Ill. App.3d 34, 272 N.E.2d 58 (1971); *Government Employees Ins. Co. v. Kligler*, 42 N.Y.2d 863, 397 N.Y.S.2d 777, 366 N.E.2d 865 (1977); and *Garber v. Travelers Ins. Companies*, 280 Pa.Super. 323, 421 A.2d 744 (1980), the courts all denied coverage under the temporary substitute automobile clause in somewhat similar fact situations, generally by a finding that the clause was not ambiguous and should be read according to its plain meaning. In the cases cited by appellees, the courts found the provision ambiguous and thus found coverage. The court in one case, *Caldwell v. Hartford Accident & Indemnity Co.*, 248 Miss. 767, 160 So.2d 209 (1964), merely stated it found the reasoning of an earlier case persuasive and engaged in no further discussion. The case of *Farley v. American Automobile Ins. Co.*, 137 W.Va. 455, 72 S.E.2d 520, 34 A.L.R.2d 933 (1952) is inapplicable to these facts because no spouse was involved. Another was based solely on a public policy

reason, *Nationwide Mutual Insurance Company v. Taylor*, 55 N.Car.App. 76, 284 S.E.2d 532 (1981). We see no reason to follow appellee's cited cases, especially in light of our finding that the policy language is not ambiguous.

Reversed.

BIRDSALL, P.J., and HOWARD, J., concur.