558 A.2d 1244

ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al.

v.

NATIONWIDE MUTUAL INSURANCE COMPANY.

No. 1560, Sept. Term, 1988.

Court of Special Appeals of Maryland.

June 13, 1989.

John L. Ridge, Jr. (Montedonico & Mason, Chartered, on the brief), Rockville, for appellants.

Benjamin S. Vaughan (Armstrong, Donohue & Ceppos, Chartered, on the brief), Rockville, for appellee.

Argued before WILNER, GARRITY and KARWACKI, JJ.

KARWACKI, Judge.

On November 24, 1987, Patricia Caldwell filed suit in the Circuit Court for Prince George's County against the appellee, Nationwide Mutual Insurance Company, for a declaratory judgment. Caldwell sought to require the appellee to afford coverage and a defense to her under the terms of an automobile liability insurance policy. Snappy Car Rental, Inc., (Snappy) and its automobile liability insurer, St. Paul

Fire and Marine Insurance Company, the appellants, intervened as defendants on August 5, 1988.

Both Caldwell and the appellee filed motions for summary judgment. A hearing on these cross-motions was held on October 6, 1988, before Judge James F. Couch, Jr. Judge Couch granted appellee's motion and declared that the appellee did not have a duty to provide coverage nor to defend Caldwell or her fiance, Timothy Davis, in any suit arising from the automobile accident which occurred on October 29, 1986.

Dissatisfied with this judgment, appellants[1] now come before us. The question presented by their appeal can be stated as follows:

Did the hearing court err in determining that the temporary substitute vehicle clause of an automobile insurance policy provides coverage for only one substitute vehicle at a time?

We answer this question in the negative and affirm.

The parties to the case *sub judice* have agreed that the following facts are not in dispute. Prior to October 27, 1986, Caldwell was involved in an automobile accident, damaging her 1986 Chrysler K–Car, which was covered by a policy of insurance issued to her by the appellee. Caldwell took her car to KTK Chrysler (KTK) for repairs. At that time she rented a car from KTK for use while her vehicle was being repaired. Subsequently, on October 29, 1986, she located a less costly rental vehicle for use while her car was incapacitated at KTK. That second rental car was delivered by Snappy to Caldwell's home.

Upon delivery of the Snappy rental car, Caldwell employed the aid of Timothy Davis, who was living in her household at the time, to assist her in returning the KTK car. En route to KTK, with Davis operating the Snappy car

---

1. Ms. Caldwell noted an appeal to this Court on November 4, 1988. She has not, however, filed a brief or otherwise participated in this appeal.

and Caldwell operating the KTK vehicle, Davis was involved in an automobile accident.[2]

Since this is an appeal from an order granting the appellee summary judgment, and there is no genuine dispute of fact, the question is whether the appellee was entitled to summary judgment as a matter of law. Rule 2–501(e); *Coffey v. Derby Steel Co.*, 291 Md. 241, 246, 434 A.2d 564 (1981). We hold that it was.

Appellants contend that the appellee, by the terms of its policy, was required to provide Caldwell with insurance coverage and a defense in the suit arising from the Snappy automobile accident. They base their claim upon the portion of the automobile insurance policy issued by appellee to Caldwell entitled "Use of Other Motor Vehicles." That section provides as follows:

Your auto's Property Damage and Bodily Injury Liability insurance also applies to certain other motor vehicles:

1.  It applies to a motor vehicle you do not own, while it substitutes temporarily for your auto. Your auto must be out of use because of breakdown, repair, servicing, loss, or destruction.

.    .    .    .    .

Appellee admits that the KTK rental car was a temporary substitute vehicle and therefore covered by the policy. Appellee denies, however, any liability as to the Snappy vehicle.

In construing contracts of insurance, Maryland follows the general contract rule that the agreement should be viewed as a whole to determine the intention of the parties to the contract and the purpose which they sought to accomplish. *Howell v. Harleysville Mut. Ins. Co.*, 305 Md.

---

2.  This accident is the subject of a suit, Dennis A. Raschka v. Patricia Caldwell et al., CAL No. 87–03998, pending in the Circuit Court for Prince George's County.

435, 443, 505 A.2d 109 (1986). When the provisions are not ambiguous, a court should enforce them according to their plain meaning. *Id.* If, however, the terms of the contract are ambiguous, the ambiguity shall be resolved against the drafter of the policy and in favor of the insured. *Mutual Fire, Marine & Inland Insurance Co. v. Vollmer,* 306 Md. 243, 251, 508 A.2d 130 (1986); *St. Paul Fire Marine Insurance Co. v. Pryseski,* 292 Md. 187, 198–99, 438 A.2d 282 (1981).

Appellants claim that the phrase "a motor vehicle" in Caldwell's policy is ambiguous. Appellants rely on the language of the Court of Appeals in *Truck Insurance Exchange v. Marks Rentals, Inc.,* 288 Md. 428, 433, 418 A.2d 1187 (1980), for this contention. In determining the existence of an ambiguity, the Court stated:

> Although language which is merely general in nature or imprecisely defined is not necessarily ambiguous, an ambiguity does arise if, to a reasonably prudent layman, the language used is susceptible of more than one meaning. (Citations omitted.)

*Id.* They assert that since a reasonably prudent layman, here Ms. Caldwell, interpreted the insurance provision in question as covering "any motor vehicle" used in substitution for her disabled car, the provision is ambiguous under the definition in *Truck Insurance, supra,* and should be construed in her favor. We disagree.

The objective of the substitution provision is to afford temporary coverage to the insured while he or she is using a borrowed automobile until the automobile designated in the policy is restored to normal use. *See generally* Annot., 42 A.L.R.4th 1145 (1985); 7 Am.Jur.2d *Automobile Insurance* § 236 (1980, 1989 Cum.Supp.). Evenhanded fulfillment of its purposes requires that the provision not be unreasonably extended to increase materially the risk contemplated by the insurer, nor should it be narrowly applied against the insured, because the clause is designed for the

insured's protection. R.H. Long, 1 *The Law of Liability Insurance,* § 4.15 (1989).

While Maryland courts have not specifically addressed the purpose of the temporary substitute clause in an automobile insurance policy, other jurisdictions have held that:

> The purpose of the "temporary substitute" clause in an automobile liability policy is to afford continuous coverage to an insured while limiting risk to one operating vehicle at a time for a single premium, and, therefore the insured vehicle for which the substitution is made must be withdrawn from use by some overt act which would reasonably preclude the possibility of both vehicles being driven at the same time.

*Atkinson v. State Farm Mut. Auto. Ins.,* 18 Ohio App.3d 59, 480 N.E.2d 819, 821 (1984); *See also Standard Mut. Ins. Co. v. Sentry Ins. of Ill.,* 100 Ill.Dec. 498, 497 N.E.2d 476, 480 (Ill.App. 1 Dist.1986); *Teter v. Corley,* 2 Kan.App. 2d 540, 584 P.2d 651, 655 (1978); *State Farm Mut. Auto. Ins. Co. v. Johnston,* 9 Cal.3d 270, 107 Cal.Rptr. 149, 507 P.2d 1357, 1359 (1973); *State Farm Mut. Auto. Ins. Co. v. Lietz,* 122 Ga.App. 596, 178 S.E.2d 218, 220 (1970). The substitution provisions construed in those cases were practically identical to that in Caldwell's policy.[3] Such coverage enables the insurer to issue a policy upon a rate fair to both insured and insurer, rather than one at a prohibitive premium for blanket coverage of any and all vehicles which the insured might own or operate. 12 *Couch on Insurance* 2d § 45:219 at p. 512 (1981, 1988 Supp.).

---

**3.** Similarly in replacement-automobile cases the courts are usually willing to allow coverage under the policy as long as there is only one operable car. It makes no difference that the replacement car is purchased before the replaced car is sold as long as the replaced car is sold or is not operable at the time of the accident. In this way other users of the highways are protected and the insurance company's liability is limited to the operation of one car by the insured. *St. Paul Fire & Marine Insurance Co. v. Nyquist,* 286 Minn. 157, 175 N.W.2d 494, 496 (1970). *Cf. Maryland Indemnity v. Steers,* 221 Md. 380, 387–88, 157 A.2d 803 (1960).

Furthermore, in *Preferred Risk Mutual Ins. Co. v. Lewallen*, 146 Ariz. 83, 703 P.2d 1232, 1234 (1985), the policy in question defined " 'temporary substitute automobile' as *any* automobile . . . not owned by the named insured while temporarily used as a substitute for the owned automobile." Yet, even based on that language in the insurance policy the Court of Appeals of Arizona interpreted that clause as extending coverage to only one vehicle at a time. *Id.* 703 P.2d at 1234–35.

When Caldwell rented the car from KTK, it is clear that her insurance coverage provided by the appellee extended to that vehicle. If Caldwell had returned the KTK car and thereafter rented another vehicle, that second vehicle would have been covered under her policy. The term "substitute" connotes the replacement of one thing for another. *See Fullilove v. U.S. Casualty Co. of New York*, 240 La. 859, 125 So.2d 389, 393 (1960). The problem in the instant case arose because at the time of the accident, Caldwell had rented *two* vehicles to replace the *one* vehicle covered by her insurance policy. Both rental vehicles were on the road at the same time. If the appellee were required to extend coverage to any and all vehicles rented by a policyholder under a temporary substitute provision, its potential liability would be broadened far beyond its original contemplation. The policyholder would be receiving an unfair advantage by obtaining such increased coverage for the one premium. We do not find the substitution provision in question to be ambiguous. It unequivocally states that under certain circumstances *a* motor vehicle can be used in place of the insured vehicle while *it* substitutes temporarily for the insured vehicle. In the instant case the KTK rental car was the only substitute vehicle for which appellee provided coverage. Summary judgment was appropriately awarded to the appellee.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.